Argued and submitted June 2, Court of Appeals reversed;
trial court affirmed November 3, 1981

## STATE OF OREGON,
*Petitioner,*

*v.*

## STEVEN J. FIELDS,
*Respondent.*

(CA 18189, SC 27608)

635 P2d 376

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent. With him on the briefs was Gary D. Babcock, Public Defender.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were David Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General.

CAMPBELL, J.

Linde, J., filed a dissenting opinion.

## CAMPBELL, J.

The issue in this case is whether a confession was obtained during custodial interrogation so as to be inadmissible in the absence of *Miranda* warnings. *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). Specifically, the case involves questioning of a probationer in a probation office on the request of police after he was advised that he was not under arrest or obligation to respond to questions.

Defendant was convicted of unauthorized use of a motor vehicle. As a result of the conviction, defendant's probation for two earlier offenses was revoked. The trial court found that defendant was not in custody and that the confession was therefore admissible. The Court of Appeals reversed the conviction, finding that defendant was in custody, and that the confession obtained during custodial interrogation without advice of *Miranda* rights should have been suppressed. The state petitioned this court to review the Court of Appeals reversal.

Defendant was placed on probation in January, 1980 for theft in the first degree and unauthorized use of a motor vehicle. In March, 1980, defendant's mother advised his probation officer, James Mohr, that defendant had driven a new black sporty car home and that she knew her son was without funds to make such a purchase. Mohr checked with the Eugene Police Department and, on March 11, 1980, was informed by Detective Stroebel that a car of similar description had been stolen from a Eugene car dealer on March 8, 1980. Mohr went to defendant's home. He asked defendant to accompany him to the probation office, both to fill out a delinquent monthly probation report and to "talk to" Mohr. While defendant was filling out the probation report, Mohr telephoned Detective Stroebel and informed him of defendant's presence. Detective Stroebel expressed an interest in speaking with defendant at the probation office about the reported theft. After the report was completed, Mohr took defendant into a conference room and closed the door. Detective Stroebel arrived and asked defendant to respond to questions regarding the theft, but made it clear that defendant was not under arrest and was not obligated to respond to questions.

Defendant expressed a willingness to talk. Detective Stroebel detailed the car theft and defendant's possible involvement in it, whereupon defendant said "I did it." Defendant was arrested, advised of his *Miranda* rights, and transported to the Lane County Jail.

Our decision is guided by *Oregon v. Mathiason,* 429 US 492, 97 S Ct 711, 50 L Ed 2d 714 (1977). The victim of a burglary informed police that she suspected defendant parolee, Mathiason. A police officer left a note at Mathiason's home suggesting that they meet at a patrol office. On Mathiason's arrival at the station, the officer took him into a room, closed the door, and informed him that he was not under arrest. The officer told Mathiason that he believed Mathiason had been involved in the burglary, and falsely represented that Mathiason's fingerprints had been found at the scene of the burglary. Mathiason confessed after five minutes in the room. The officer then advised Mathiason of his *Miranda* rights and released him. Mathiason was later arrested and convicted of first degree burglary. The Court found that the circumstances did not show Mathiason's freedom to leave was in any way restricted. He voluntarily came to the station and left after a 30 minute interview. The Court held that the confession was not obtained during custodial interrogation and was therefore admissible.

The Court said:

"Our decision in Miranda set forth rules of police procedure applicable to 'custodial interrogation.' 'By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' 384 US at 444, 16 L Ed 2d 694, 86 S Ct 1602.

" * * * * *

"In the present case, however, there is no indication that the questioning took place in a context where respondent's freedom to depart was restricted in any way. He came voluntarily to the police station, where he was immediately informed that he was not under arrest. At the close of a 1/2 hour interview respondent did in fact leave the police station without hinderance. It is clear from these facts that Mathiason was not in custody 'or otherwise deprived of his freedom of action in any significant way.'

"Such a noncustodial situation is not converted to one in which Miranda applies simply because a reviewing court concludes that, even in the absence of any formal arrest or restraint on freedom of movement, the questioning took place in a 'coercive environment.' Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may utimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was *that* sort of coercive environment to which Miranda by its terms was made applicable, and to which it is limited." (Original emphasis). 429 US at 495, 97 S Ct 711, 50 L Ed 2d 714.

The only significant additional facts in this case are that the questioning took place in a probation office rather than in a patrol office and that defendant was arrested immediately after his confession, rather than being released and later arrested. We conclude that these facts do not suggest a different result under the precedent of *Mathiason*. Defendant was not in actual custody and, under these facts, there is no reason to conclude that he was otherwise deprived of his freedom of action in any significant way at the time of the questioning. We do not see subsequent release as the determining factor, since it sheds no light on whether custody existed before the point of confession.

We hold that a brief interview held in a probation office and conducted by a police detective after informing a probationer that he was not under arrest or obligation to respond to questions does not constitute a custodial interrogation giving rise to the requirements of *Miranda*.

Reversed.

**LINDE, J.,** dissenting.

As I understand it, the only issue in this case is whether defendant's admission was obtained during

custodial interrogation within the federal *Miranda*[1] rule, and the majority opinion disagrees with the Court of Appeals only on the question whether the facts of defendant's situation qualified as "custodial" for that purpose. On that question I would affirm the Court of Appeals for the reasons stated in Judge Buttler's opinion.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).