Argued and submitted December 14, 1981, affirmed March 8, 1982

STATE OF OREGON,
*Respondent,*
*v.*
DALE LANE MASON,
*Appellant.*

(No. C 78-08-13360, CA A20702)

641 P2d 1139

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant seeks reversal of an order revoking his probation and imposing sentence on a conviction for arson in the second degree. Defendant was found to be in violation of the conditions of his probation because of statements he made to police officers implicating him in a homicide. He argues those statements were obtained in violation of his *Miranda*[1] rights and should have been excluded from the revocation hearing. We affirm.

On October 17, 1978, defendant pleaded guilty to arson in the second degree. Imposition of sentence was suspended, and defendant was placed on probation for five years, one of the conditions of probation being that he not violate any laws. In March, 1980, he was charged with murder for the February 19, 1980, killing of one of his housemates. After an extensive suppression hearing on the murder charge, the trial court suppressed all statements made by defendant to police between February 19, 1980, and March 3, 1980, on the ground that he was not adequately advised of his *Miranda* rights and did not make a knowing waiver of those rights. That ruling was affirmed in *State v. Mason,* 53 Or App 811, 633 P2d 820 (1981).[2]

On December 22, 1980, a probation revocation hearing was held, and on March 20, 1981, defendant's probation was revoked on the basis of his alleged involvement in the February 19, 1980, homicide. At the hearing, defendant moved to exclude all statements which had earlier been suppressed. It is the denial of this motion that he appeals.

Defendant does not argue that the statements made were untrustworthy because coerced or otherwise the product of an overborne will.[3] *See Malloy v. Hogan,* 378 US 1, 84 S Ct 1489, 12 L Ed 2d 653 (1964). Rather, defendant contends that because the statements were obtained in

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

[2] For the historical facts surrounding the incriminating statements *see* text *State v. Mason,* 53 Or App 811, 633 P2d 820 (1981).

[3] Defendant also does not argue that he did not understand or comprehend the questions asked him or that his responses in sign language (defendant being deaf) and in writing were not properly interpreted. Instead, he frames this appeal as "solely a question of law."

violation of *Miranda,* his Fifth and Fourteenth Amendment rights were violated by use of those statements in a proba- tion revocation hearing. He argues that extension of the *Miranda* exclusionary rule in the present case will deter illegal police conduct, because here the police knew defen- dant was a probationer when they questioned him.

In *State v. Fields,* 49 Or App 1033, 621 P2d 651 (1980), *rev'd on other grounds,* 291 Or 872, 635 P2d 376 (1981),[4] we held that statements obtained in violation of *Miranda* are nonetheless admissible in a probation revoca- tion hearing under *State v. Nettles,* 287 Or 131, 597 P2d 1243 (1979). The court in *Nettles* held that the rule exclud- ing evidence obtained through illegal searches does not apply in probation revocation proceedings, at least where the officer who performed the search did not do so for the purpose of obtaining a probation revocation. The underly- ing logic of *Nettles* is that excluding evidence in revocation proceedings as well as in a criminal case which arises from the same episode adds little to the deterrence of improper police conduct and detracts a great deal from the probation- ary system. 49 Or App at 1037.

In the present case, as the trial court found, the primary purpose of the questioning of defendant between February 19, 1980, and March 3, 1980, was defendant's involvement in the homicide. Although the police officers became aware of his probationary status, it appears from their testimony that that knowledge did not affect the manner in which they investigated the homicide. They did not question defendant for the purpose of discovering a probation violation nor did they employ the condition of defendant's probation to gain evidence. We do not believe that the interest of justice would be served by the exclusion of evidence under the circumstances of this case. We hold the evidence admissible.

We do not agree with defendant's assertion that knowledge by police of probationary status *per se* requires

---

[4] The Oregon Supreme Court held in *State v. Fields,* 291 Or 872, 635 P2d 376 (1981), that the defendant was not in custody, so the absence of *Miranda* warnings did not make his confession inadmissible in his trial for unauthorized use of a motor vehicle. The court, therefore, did not decide whether the confession was admissible in the probation revocation hearing.

exclusion of evidence in order to deter police misconduct. The exclusion of the evidence of defendant's involvement in the homicide at trial for the underlying charge of murder provided sufficient deterrence to police misconduct. Any additional restriction on the use of the evidence would add little, if any, deterrence. *State v. Nettles, supra,* 287 Or at 139, *State v. Fields, supra.*

Affirmed.