**No. 26224**

**The People of the State of Colorado v. Thomas R. Wilkerson**

(541 P.2d 896)

Decided October 27, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Epstein, Lozow and Preblud, P.C., Gary Lozow, Jon Lozow, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant appeals from a district court order revoking his probation. On December 29, 1971, the defendant pleaded guilty to an amended information charging him with disorderly person. He applied for probation on the same date, and on August 28, 1972, probation was granted. The following February, the defendant was arrested on a weapons charge in the City and County of Denver.[1] Thereafter, the defendant filed a motion to suppress evidence seized at the time of his arrest for the weapons violation, and the motion was denied both in a suppression hearing and at a probation revocation hearing in May 1973. At the probation revocation hearing, the court concluded that the defendant had violated the terms and conditions of his probation agreement.[2] The defendant's probation was revoked, and he was sentenced to six months' confinement in the county jail.

---

[1] The record does not reflect the nature of this charge.

[2] The following conditions of the probation agreement were violated:

"(g) Said probationer shall not purchase, own nor have in his possession a rifle, shot gun or revolver or any other weapon, either in his home, in his automobile or on his person without written permission of the probation officer."

"(j) The said probationer shall not violate any of the laws of the United States or of the State of Colorado, or of any other state while therein, or any ordinance of Denver or of any other municipality in the State of Colorado, but shall conduct himself in every way as an upright and law-abiding citizen, and in such a manner as to indicate that he is making a serious effort to improve his character."

■ The only issue on appeal is whether evidence which may be the product of an illegal search or seizure is admissible in a probation revocation hearing. We hold that it is and affirm the trial court.

The criminal episode giving rise to this appeal occurred in the early morning hours of February 26, 1973. The defendant, who was then on probation, was observed by police officers near a Safeway parking lot in the "five points" area of Denver. He approached a green Cadillac in the parking lot and spoke briefly with the occupant. The police officers testified that they believed the occupant of the car had transferred a package to the defendant. The defendant claims that the person in the Cadillac mistook him for another and that he approached the car, but that nothing passed between them. The car drove away, and the defendant was stopped by the police officers. Noting that the defendant had one hand shoved into a coat pocket, an officer grabbed the defendant by the arm to prevent him from removing his hand from the pocket. In the other hand, the defendant carried a package containing sugar. A subsequent pat-down search of the defendant produced a pistol which he had hidden in his coat pocket. The officers confiscated the weapon, and the defendant contested its introduction into evidence at the probation revocation hearing.

The defendant contends that the officers did not have reasonable cause to stop and search him, and the weapon was thus the product of an unreasonable search and seizure. We do not reach that issue in this opinion. Even if the defendant's contention is valid, our holding is not affected by it.

■ The applicable standards for the admission of evidence at the probation revocation hearing are set forth in Colo. Sess. Laws 1972, ch. 44 39-11-206(3), [3] which states:

"Any evidence having probative value shall be received *regardless of its admissibility under the exclusionary rules of evidence* if the defendant is accorded a fair opportunity to rebut hearsay evidence." (Emphasis added.)[4]

This statute is merely a codification of the general policy that the exclusionary rule does not apply to improperly seized evidence in probation revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974); *Holdren v. People*, 168 Colo. 474, 452 P.2d 28 (1969).

■ While the defendant is entitled to certain procedural due process rights at a probation revocation hearing, *see Morrissey v. Brewer,*

[3]Now section 16-11-206(3), C.R.S. 1973. The legislative restriction on the exclusionary rule represented by this statute is founded on solid common-law precedent. *See United States v. Hill*, 447 F.2d 817 (7th Cir. 1971); *United States v. Allen*, 349 F. Supp. 749 (N.D. Cal. 1972); *Bernhardt v. State*, Fla., 288 So.2d 490 (1974); *People v. Dowery*, 20 Ill. App. 3d 738, 312 N.E.2d 682 (1974); *State v. Kuhn*, 7 Wash.App. 190, 499 P.2d 49 (1972).

[4]To the same effect is current Rule 32(g)(3) of the Rules of Criminal Procedure. This rule became effective after the hearing in this case.

*supra,* he is not entitled to the full panoply of constitutional guarantees available to one who has not been convicted of a crime, and thus cannot complain of the admission of illegally seized evidence. *People v. Atencio, supra; Holdren v. People, supra.* The trial court's admission of the evidence seized by the police officers was proper.

A cautionary note should accompany our holding. While the exclusionary rule *per se* is inapplicable to probation revocation hearings, we do not thereby condone gross official misconduct by law enforcement officers. We reiterate our warning in *People v. Atencio, supra,* that "where the unreasonable search or seizure is such as to shock the conscience of the court, the court will not permit such conduct to be the basis of a state-imposed sanction. *See Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952)." The facts of this case do not warrant application of the latter rule.

The judgment is affirmed.