MR. JUSTICE KELLEY
delivered the opinion of the Court.
*501 The People petitioned this court for relief in the nature of prohibition, pursuant to C.A.R. 21. We issued a rule to show cause, which we now make absolute.
In February 1976, Gregory Kent Stewart entered a plea of guilty to a charge of dispensing dangerous drugs. Judgment was deferred pursuant to section 16-7-403, C.R.S. 1973 (1976 Supp.). The deferred judgment was subsequently vacated, and on January 3, 1978, he was placed on probation for a two-year period. One of the conditions of his probation was treatment at the Colorado State Hospital, as authorized by section 16-11-204(2)(b), C.R.S. 1973.
Stewart was a patient at the Fort Logan Mental Health Center. On April 9, 1978, he left the facility until the afternoon of the following day without permission. On April 11, he was arrested for violation of the terms of his probation.
At his probation revocation hearing, Stewart was allowed to enter a plea of not guilty by reason of insanity. The People then petitioned this court, alleging the district court was exceeding its jurisdiction in permitting such a plea.
The district attorney urges us to rule that, because such a plea is not specifically authorized in the statute on probation revocation hearings, section 16-11-206, C.R.S. 1973, it is impermissible. He contends that the bifurcated insanity trial to a jury is not contemplated by the simplified procedure of a probation revocation hearing, and thus the insanity plea was improperly accepted. We agree.
Although the trial judge may have been motivated by concern for the mental problems of the defendant, his acceptance of the insanity plea elevated the probation revocation hearing above its purpose. The bifurcated proceeding required by such a plea[1] would be excessively cumbersome and serve little purpose in this context.
The probation revocation hearing is analogous to a trial. However, simplified procedures have been mandated in statutory and case law.
We address this matter in People v. Atencio, 186 Colo. 76, 525 P.2d 461 (1974):
“[A]t a probation revocation hearing the probationer is not entitled to claim the full range of constitutional guarantees available to one who has not yet been convicted of a crime.”
A simple plea of “not guilty” does not preclude the introduction of evidence concerning the defendant’s mental condition. Any evidence having probative value shall be received regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut the hearsay evidence. Section 16-11-206(3), C.R.S. *502 1973. The judge may take into consideration “all factors which he normally takes into account when sentencing.” Holdren v. People, 168 Colo. 474, 452 P.2d 28 (1969). These may include all the evidence which would normally appear in a presentence report, as well as a physical or mental examination. Section 16-11-102, C.R.S. 1973.
The reason for permitting a plea of “not guilty by reason of insanity” in a full criminal trial, while only allowing a simple “guilty” or “not guilty” at a revocation hearing, is dictated by the purpose for the respective proceedings. During a trial, the court’s concern is whether the defendant should be held responsible for the acts with which he is charged. In a probation revocation hearing, the concern is whether the alternatives to incarceration which have been made available to a defendant remain viable for him.
If probation is revoked, the court may then impose any sentence or grant any probation which might originally have been imposed or granted. Section 16-11-206(5), C.R.S. 1973. Thus, a probation revocation order operates not as a determination of guilt or innocence as to the question of whether the defendant violated the terms of his probation, but primarily as a reassessment of the correctness of the original sentence.
We hold that the court, in permitting a plea of “not guilty by reason of insanity” in a probation revocation hearing, exceeded its jurisdiction. A plea of not guilty by reason of insanity is not a proper means of testing competency at a probation revocation hearing. The sanity of the defendant should be considered only as a factor in the reevaluation and reassessment of the situation. The procedure dictated by section 16-8-105, C.R.S. 1973, after the entry of an insanity plea, is not required.
The rule is made absolute.

 Section 16-8-101, et seq., C.R.S. 1973.