OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The courts below properly found that the dismissal, at the conclusion of a final parole revocation hearing of charges lodged against the defendant, did not bar a later prosecution of criminal charges based on the same acts. Collateral estoppel is a flexible doctrine, not to be applied automatically just because its formal prerequisites are met (Gilberg v Barbieri, 53 NY2d 285, 292). Strong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case, and indeed we have never done so (see, People v Plevy, 52 NY2d 58, 65, n 4). The correct determination of guilt or innocence is paramount in criminal cases (People v Berkowitz, 50 NY2d 333, 345), and the People’s incentive to litigate in a felony prosecution would presumably be stronger than in a parole revocation proceeding (cf. Gilberg v Barbieri, supra).
We have examined defendant’s other contention and found it to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed in a memorandum.