## STATE of Maine

v.

## Barry N. REED.

Supreme Judicial Court of Maine.

Argued Sept. 3, 1996.

Decided Dec. 12, 1996.

Geoffrey A. Rushlau, District Attorney, Eric Walker (orally), Assistant District Attorney, Rockland, for State.

Robert J. Levine (orally), Strout & Payson, Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Barry N. Reed appeals from the judgment entered in the Superior Court (Knox County, *Atwood, J.*) denying his motion to dismiss the charges against him of operating a motor vehicle while under the influence of intoxicating liquor or drugs or a combination of liquor and drugs in violation of 29 M.R.S.A. § 1312–B (Supp.1994) and operating a motor vehicle after revocation of his privilege to do so in

violation of 29 M.R.S.A. § 2298 (Supp.1994). Reed contends that the trial court erred by its determination that, because the decision of the District Court (Rockland, *French, J.*) in the prior probation violation proceeding was not a final judgment, the State is not collaterally estopped from relitigating the issue of his operation of the motor vehicle at the time of the present charged offenses. We affirm the judgment.

The record reflects the following facts: On March 11, 1994, Reed was convicted of a violation of section 1312–B in the District Court at Rockland. The trial court imposed a six-month sentence with all but forty days suspended and probation for a period of one year. In April 1994, Reed was determined to be a habitual offender and his license was revoked. On November 15, 1994, Reed was charged with the present offenses as a result of an automobile accident on October 29, 1994 involving Reed.[1] On December 9, 1994, the State filed a motion in the District Court seeking a revocation of Reed's probation based on the pending charges. Following a hearing on the State's motion, the court determined that the State failed to establish by a preponderance of the evidence that Reed was the person operating the motor vehicle involved in the October 29, 1994, accident and denied the State's motion.

Thereafter, Reed filed a motion to dismiss the present charges on the ground that, pursuant to the Fifth Amendment of the United States Constitution[2] and Article I, Section 8 of the Maine Constitution,[3] the State is collaterally estopped from relitigating the issue of the operation of the motor vehicle. After a hearing, the trial court determined that because the decision on a motion to revoke probation is not a final judgment the State was not collaterally estopped from relitigating the issue in the context of the present charges and denied Reed's motion. Reed appeals.

■ We agree with Reed's contention that the District Court's denial of the State's motion seeking revocation of his probation was a final judgment on the State's motion. It was not a final judgment on Reed's guilt or innocence of the presently charged criminal misconduct. *United States v. Miller,* 797 F.2d 336, 341 (6th Cir.1986). We disagree with Reed's contention that the doctrine of collateral estoppel bars the State's relitigation of his operation of the motor vehicle in a proceeding on the present charges. *See Maine Cent. R.R. v. Town of Dexter,* 588 A.2d 289, 293 (Me.1991) (upholding correct conclusion of trial court even if based on different ground).

■ Although first developed in civil litigation, the doctrine of collateral estoppel is an established doctrine in criminal law. The leading case discussing the applicability of that doctrine in a criminal prosecution is *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Because Reed was not exposed in the probation violation proceedings to punishment for his alleged new misconduct, the constitutional prohibition of *Ashe* is not implicated in the proceedings on the present charges. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (establishing that hearing on motion to revoke probation not a "stage of a criminal prosecution" within meaning of United States Constitution). *See also United States v. Miller,* 797 F.2d at 340 (Risk to probationer that his probation might be revoked and he would have to serve all or a portion of his original sentence does "not rise to the level of being 'put in jeopardy' in the constitutional sense because the revocation hearing not the equivalent of a criminal prosecution; in other words, the hearing was not a proceeding which could result in a conviction.") (citing *Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970)).

1. The complaint was initially filed in the District Court at Rockland. Thereafter, Reed was indicted on the charges, and the matter was transferred to the Superior Court.

2. The Fifth Amendment of the United States Constitution provided, in pertinent part: "[N]or shall

any person be subject to the same offence to be twice put in jeopardy of life or limb."

3. Article I, Section 8 of the Maine Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or limb."

The authority to conduct a probation revocation proceeding prior to a trial of criminal charges based on the same conduct is provided by 17–A M.R.S.A. § 1206(5) (1983 & Supp.1995) and allows the court to "revoke probation if it finds by a preponderance of the evidence that the person on probation committed the crime." The rules of evidence, other than those with respect to privileges, do not apply to a probation revocation proceeding. M.R.Evid. 1101(b)(4). *See also* M.R.Crim.P. 1 (rules not applicable to probation revocation under title 17–A, sections 1205 through 1207 except to the extent and under the conditions stated in those sections); *State v. Caron*, 334 A.2d 495, 499 (Me.1975) (discussing applicability of certain rules of criminal procedure to probation violation proceedings).

In *State v. Maier*, 423 A.2d 235 (Me.1980), we set forth the purpose of probation and of restrictions placed on probation, as follows:

> The purpose of probation is to help individuals reintegrate into society as constructive individuals as soon as they are able. Restrictions aimed at furthering the rehabilitation process by prohibiting conduct deemed dangerous to the restoration of the probationer into normal society, and by providing information to a probation officer which will aid him in advising the probationer, may be placed upon the probationer's liberty.

*Id.* at 239 n. 3 (citations omitted). The State has an overwhelming interest in being able to terminate probation when necessary. *Id.* at 239. Probation revocation proceedings are calculated to present to the court in an informal manner the probationer's activities, thereby allowing the court in the exercise of its discretion to determine expeditiously whether continuing probation remains an effective vehicle in accomplishing the probationer's rehabilitation or whether the probationer should be returned to confinement. *See State v. Maier*, 423 A.2d at 238–39 (extended discussion of the significant differences in interests involved in a probation revocation proceeding and in a criminal proceeding).

Although we have not previously been called on to decide the precise issue here presented, in considering the principles we have previously articulated relating to the nature of a probation violation and of a criminal proceeding and the differences of interests in each proceeding, we find persuasive the analysis in *Lucido v. Superior Court (People)*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990). When presented with this issue, the California court refused to apply collateral estoppel in such circumstances, stating that "[p]reemption of trial of a new charge by a revocation decision designed to perform a wholly independent social and legal task would undermine the function of the criminal process as the intended forum for ultimate determinations as to guilt or innocence of newly alleged crimes." *Id.* at 774, 795 P.2d at 1230–31. Accordingly, we decline to apply the doctrine of collateral estoppel to bar the State in the instant case from prosecuting Reed for the criminal charges presently pending against him arising from his alleged criminal conduct on October 29, 1994.

The entry is:

Judgment affirmed.

All concurring.