**Todd BYRD, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 01SC850.**

Supreme Court of Colorado, En Banc.

Nov. 18, 2002.

Fife & , McCullough, P.C., Michael A. McCullough, Kirsten E. Tucker, Denver, Colorado, for Petitioner.

Mark M. Myers, District Attorney, Ninth Judicial District, Katharine T. Sullivan, Deputy District Attorney, Aspen, Colorado, for Respondent.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this case we consider whether a court may apply the doctrine of issue preclusion to bar a defendant's right to trial on a criminal charge when the same factual issue was previously determined in the prosecution's favor in a probation revocation hearing. Because probation revocation hearings are held for different purposes than criminal trials, use different procedures, and do not protect a defendant's rights as required by the Federal and Colorado Constitutions for a criminal trial, we hold that issue preclusion does not apply for two reasons. First, a threshold requirement of issue preclusion was not met because the defendant did not have a full and fair opportunity to litigate the issue in the revocation hearing. Second, a determination of guilt or innocence in a probation revocation hearing would undermine the function of the criminal trial process. In other words, a finding in a probation revocation hearing that a new crime occurred does not operate to preclude the right of an accused to a trial on the newly charged crime. Hence, we reverse the judgment of the district court and remand this case to the district court with directions to return the case to the county court for trial.

## II. Facts and Proceedings Below

Defendant Todd Byrd was placed on felony probation for crimes not connected to these proceedings. During his probationary term, he was charged with the crime of driving with a revoked license, which constituted both a violation of his probation and a new criminal act. Thereafter, the prosecution sought to revoke the defendant's probation on the basis of this new criminal charge. The prosecution also charged him with driving under revocation pursuant to section 42-2-138(1)(a), 11 C.R.S. (2002). Before trial on the criminal charge occurred in county court,[1] the district court found that the de-

---

1. On other occasions, we have stated that it is better practice to continue a probation revocation hearing until after a trial on a new charge. However, this timing decision lies within the discretion of the trial court. *People v. Ray,* 192 Colo. 391, 395, 560 P.2d 74, 76–77 (1977)(citing *People v. Carr,* 185 Colo. 293, 524 P.2d 301 (1974)); *see also* § 16–11–206(3), 6 C.R.S.

fendant had violated the terms of his probation because he drove while his license was revoked.[2]

After this hearing, the defendant, who waived his right to a jury trial, appeared before the county court ready for trial on the new criminal charge. The prosecution moved for an immediate finding of guilt under a "res judicata or claim preclusion theory."[3] The prosecution argued that at the defendant's probation revocation hearing, the district court entered a final judgment finding the defendant had driven while his license was revoked and therefore, the district court had already decided the issue to be litigated in the trial. The trial court, relying upon *O'Neill v. Simpson*, 958 P.2d 1121, 1123 n. 5 (Colo.1998), concluded that the prosecution satisfied all of the requirements of the doctrine of issue preclusion and entered a judgment of conviction against Byrd without holding a trial.

The defendant appealed to the district court, which affirmed the conviction. The district court reasoned that the issue in the probation revocation hearing and trial was the same, that the parties were the same, and that the district court had previously entered a final judgment on the merits at the revocation hearing and accordingly, the doctrine applied.

The defendant petitioned this court for certiorari pursuant to C.A.R. 52(a) and sec-

tion 13–6–310(4), 5 C.R.S. (2002). We granted certiorari on the issue of "whether the district court violated the defendant's constitutional rights when it estopped him from adjudicating the criminal charge against him and entered a judgment of guilty without a trial based upon the outcome of a probation revocation hearing."

## III. Analysis

### 1. Issue Preclusion

 We begin by briefly discussing the principles of issue preclusion, or collateral estoppel.[4] This doctrine generally bars relitigation of an issue that was actually determined in a prior action between the same parties. *See, e.g., Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Its purpose is to promote judicial economy, to conserve private resources, and to protect parties from unnecessary or vexatious litigation. *People v. Allee*, 740 P.2d 1, 4 (Colo.1987). Initially developed in the context of civil litigation, most courts have applied issue preclusion in criminal cases as well, at least when its application benefits the defendant.[5] As we stated in *People v. Smith*, 938 P.2d 111, 113 (Colo.1997), "The fundamental principal of collateral estoppel [in a criminal case] is that the defendant should be protected from having to relitigate an issue of ultimate fact once that issue has been

(2002)("The court may ... continue the probation revocation hearing until the termination of the criminal proceeding.").

2. Although the district court did not specifically articulate the prosecution's burden of proof beyond a reasonable doubt as required by section 16–11–206(3), 6 C.R.S. (2002), we have held that in a revocation proceeding the court is entitled to a presumption that it applied the correct burden of proof. *People v. Carr*, 185 Colo. 293, 298, 524 P.2d 301, 303 (1974).

3. We prefer to use the terms "claim preclusion" and "issue preclusion" rather than "res judicata" and "collateral estoppel." As we noted in *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 196 n. 11 (Colo.1999), "we have used 'claim preclusion' interchangeably with res judicata and the phrase 'issue preclusion' interchangeably with collateral estoppel."

4. This case concerns issue preclusion, not claim preclusion. Claim preclusion bars a subsequent action when parties or parties in privity have

previously litigated the claim to a valid, final judgment. *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The claims in probation revocation hearings and criminal trials are different, even though the issue presented in the proceedings—in this case whether the defendant drove under revocation—may be the same. *See Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 n. 3 (1990).

5. In addition to the application of the doctrine by the courts in criminal cases, the General Assembly has codified aspects of issue preclusion in the criminal code in sections 18–1–301 to –303, 6 C.R.S. (2002), mandating that a second trial is barred for the same offense or if there has been a prior determination of an ultimate fact, and extending the double jeopardy prohibition to situations where the dual sovereignty doctrine otherwise would permit state prosecution after a separate sovereign has prosecuted the defendant for the same offense.

determined by a valid and final judgment." When used to benefit a defendant, the doctrine has been viewed as being embodied in the Fifth Amendment's guarantee against double jeopardy. *People v. Kernanen,* 178 Colo. 234, 237, 497 P.2d 8, 10 (1972); *Ashe,* 397 U.S. at 445, 90 S.Ct. 1189.

Although courts in other jurisdictions have held that the government may not invoke issue preclusion in a criminal case against a defendant,[6] we have not decided this issue, and we do not reach that issue here.

We have, however, previously determined that this doctrine may be invoked by the accused in a criminal case. In *Williamsen v. People,* 735 P.2d 176, 182 (Colo.1987), a criminal case in which a defendant sought in part to use issue preclusion in his favor, we set forth the elements required to satisfy the doctrine: (1) the issue sought to be precluded must be identical to an issue actually and necessarily decided in a prior proceeding; (2) there must have been a final judgment on the merits in the first proceeding; (3) there must be identity of parties or privity between the parties against whom the doctrine is asserted; and (4) the party against whom issue preclusion is asserted must have a full and fair opportunity to litigate the issue in the prior proceeding. Later, in *Allee,* we stated that while courts may apply the doctrine liberally in a civil context, issue preclusion should be applied more conservatively in criminal cases because "it is the correctness of the result which is of pre-eminent concern in a criminal prosecution," rather than conserving time and resources. 740 P.2d at 9 (citing *People v. Berkowitz,* 50 N.Y.2d 333, 428 N.Y.S.2d 927, 406 N.E.2d 783, 789–90

(1980).) We further note here that the public policies underlying the doctrine of issue preclusion—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment from vexatious litigation—will influence our determination of whether its application would be fair to the parties and constitute sound judicial decision making. *See Salida Sch. Dist. R–32–J v. Morrison,* 732 P.2d 1160, 1163 (Colo.1987); *Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1227 (1990).

In addition to outlining the elements of the doctrine in *Williamsen,* we stated that the Restatement (Second) of Judgments (1980) includes exceptions to the general rule of issue preclusion, and in certain circumstances, even if the elements are satisfied, courts should not preclude the relitigation of an issue. 735 P.2d at 182. Section 28(3) of the Restatement states that relitigation of an issue is not precluded when "[a] new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts...." Comment d to section 28 further states that a compelling reason may exist not to apply issue preclusion when "the procedures available in the first court ... have been tailored to the prompt, inexpensive determination of small claims...." Thus, the procedures of the first proceeding "may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim." *See also Salida School Dist. R–32–J,* 732 P.2d at 1165; *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 48 (Colo. 2001). We read these exceptions and public

---

**6.** *Cf. United States v. Dixon,* 509 U.S. 688, 710 n. 15, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)("Under *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), an acquittal in the first prosecution might well bar litigation of certain facts essential to the second one—though a conviction in the first prosecution would not excuse the Government from proving the same facts the second time"); *Ashe,* 397 U.S. at 465, 90 S.Ct. 1189 ("If [the defendant] had been convicted at the first trial, presumably no court would then hold that he was thereby foreclosed from litigating the identification issue at the second trial.")(Burger, C.J., dissenting); *United States v. Pelullo,* 14 F.3d 881, 896 (3d Cir. 1994)(the right to a jury trial "necessitates that

every jury empaneled for a prosecution considers evidence of guilt afresh and without the judicial direction attending collateral estoppel."); *United States v. Panetta,* 436 F.Supp. 114, 122 (E.D.Pa.1977), *aff'd* 568 F.2d 771 (3d Cir.1978)(holding that offensive collateral estoppel "would be the same as a partially directed verdict of guilty and clearly would infringe upon [the defendant's] constitutionally protected right to a jury trial"); *People v. Goss,* 446 Mich. 587, 521 N.W.2d 312, 321 (1994)("[issue preclusion] would impermissibly disable the presumption of innocence an accused is entitled to in accordance with due process guaranteed under the federal and state constitutions.")(Brickley, J., concurring).

policies that underlie issue preclusion as interrelated, and we consider both in our analysis.

In *Williamsen*, we considered in part whether a defendant could use an acquittal resulting from a hearing on a traffic infraction to invoke issue preclusion and prevent the introduction of that infraction in a subsequent criminal trial. We concluded that the prosecution was not barred from introducing evidence of the infraction even though the defendant had previously been acquitted on that charge. 735 P.2d at 183. We reasoned that "[t]he salutary purposes of informal traffic infraction hearings would be frustrated if collateral estoppel were to be applied so as to limit a full and fair consideration of the issue in a criminal trial." *Id.* (comparing *Salida School District*, 732 P.2d at 1165 (the purposes of an unemployment hearing would be frustrated if issue preclusion were applied to bind parties in a subsequent civil trial.)) Thus, *Williamsen* stands for the proposition that if the purposes and procedures are significantly different, then the fourth element of issue preclusion has not been satisfied because the party against whom the doctrine is asserted did not have a full and fair opportunity to litigate the issue in the prior proceeding.

### 2. Probation revocation hearings are held for different purposes, governed by different procedures, and do not protect a defendant's rights as does a criminal trial

Our precedent differentiates probation revocation hearings from criminal trials. While the prosecution must prove both a criminal violation of a probation condition and a criminal offense beyond a reasonable doubt,[7] the proceedings function differently. As we held in *People v. Ressin*, 620 P.2d 717, 720 (Colo. 1980), "[t]here are critical differences between a criminal trial and a probation revocation proceeding." *See also People v. Atencio*, 186 Colo. 76, 78, 525 P.2d 461, 462–63 (1974). These differences appear in stark contrast when we compare the purposes of each pro-

ceeding, the procedures that govern the process, and the rights afforded to the accused.

The purpose of a probation revocation hearing is to consider the conduct of the defendant after an adjudication of guilt and to assess the correctness of the original sentence. *People ex. rel. Gallagher v. District Court*, 196 Colo. 499, 502, 591 P.2d 1015, 1017 (1978). Probation is a privilege, not a right, and if a probationer violates any probationary condition, her probation may be revoked. *People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994).

Parties in probation revocation proceedings present the probationer's activities to the court consistent with relaxed rules of evidence. *Holdren v. People*, 168 Colo. 474, 479, 452 P.2d 28, 30 (1969); *Gehl v. People*, 161 Colo. 535, 539, 423 P.2d 332, 334 (1967). The court determines whether a violation occurred and then exercises its discretion and expeditiously determines whether continuing probation is effective in rehabilitating the probationer or whether the probationer should be resentenced to confinement. *See Ressin*, 620 P.2d at 719; *Maine v. Reed*, 686 A.2d 1067, 1069 (Me.1996). In making this determination, the sentencing court balances the probationer's interest in demonstrating a responsible lifestyle with society's interest in seeking protection against the possibility of recidivism. *Reed*, 686 A.2d at 1069.

On the other hand, the primary purpose of a criminal trial is to determine the factual question of a defendant's guilt or innocence based on a fair determination of the truth. *Gray v. District Court*, 884 P.2d 286, 291 (Colo.1994); *People v. Jiminez*, 863 P.2d 981, 987 (Colo.1993)(Rovira, C.J., dissenting); *Allee*, 740 P.2d at 9. A criminal trial concerns whether the state proves the guilt of the accused and accordingly implicates the full array of constitutional protections attendant to the criminal process. *Ressin*, 620 P.2d at 720.

Because probation revocation hearings are less formal, and probation itself is

---

7. *See* § 16–11–206(3), 6 C.R.S. (2002); *People v. Carr*, 185 Colo. 293, 298, 524 P.2d 301, 303 (1974).

only a conditional suspension of what would otherwise have been a harsher sentence, simplified procedures exist. *Gehl,* 161 Colo. at 539, 423 P.2d at 334. As we stated in *Atencio* and reiterated in *People v. Allen,* 973 P.2d 620, 622 (Colo.1999), only the following due process requirements at probation revocation hearings are required: (1) written notice of the alleged probation violations; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; and (5) a written or oral statement on the record made by the fact finder as to the evidence relied on and the reasons for revoking probation.[8]

▆▆▆▆ In addition to the different purposes and procedures of a probation revocation hearing and a criminal trial, the rights extended to a probationer are significantly reduced when compared to the accused facing criminal charges. While a probationer enjoys minimum procedural due process rights at a revocation hearing, "he is not entitled to the full panoply of constitutional guarantees available to one who has not been convicted of a crime...." *People v. Wilkerson,* 189 Colo. 448, 451, 541 P.2d 896, 898 (1975).[9] A probationer has no right to a jury at a revocation proceeding. § 16–11–206(1), 6 C.R.S. (2002). She is not permitted to plead "not guilty by reason of insanity." *Gallagher,* 196 Colo. at 502, 591 P.2d at 1016; § 16–11–206(2)(a probationer may plead "guilty or not guilty."). Courts presiding over revocation hearings are not required to give defendants affirmative *Curtis* advise-

ments of the right to testify. *Allen,* 973 P.2d at 622.

Because revocation hearings are more informal than trials, the rules of evidence in probation revocation hearings are relaxed. *Atencio,* 186 Colo. at 79, 525 P.2d at 462. All probative evidence is admissible so long as a defendant has the opportunity to rebut hearsay, and the exclusionary rule is inapplicable in probation revocation hearings absent governmental activity that constitutes bad faith, harassment, gross impropriety, or another form of egregious misconduct. *Ressin,* 620 P.2d at 720–21; *see also Wilkerson,* 189 Colo. at 451, 541 P.2d at 898 (a defendant in a probation revocation hearing "cannot complain of the admission of illegally seized evidence."); *Allen,* 973 P.2d at 623 ("all probative evidence is admitted ... even though it might not have been admissible in the criminal trial"); § 16–11–206(3)("Any evidence having probative value shall be received regardless of its admissibility under the exclusionary rules of evidence if the defendant is accorded a fair opportunity to rebut hearsay evidence.").

▆▆▆▆ Finally, although Colorado courts have not yet ruled on several rights granted to the accused at trial but denied to defendants contesting revocation of probation, we note that this body of law supports the distinction that we have made in our case law between trials and probation revocation hearings. Confessions by probationers in revocation hearings may be admissible, even if obtained in violation of *Miranda* rights.[10] While a probationer retains her Fifth Amendment privilege to refuse to answer incriminatory questions, the prosecution may call her as a witness at a revocation

8. These elements do not directly correspond to those set forth in *Atencio* and *Allen* because both of those cases addressed due process requirements for both probation and parole revocation hearings. Unlike a parole hearing, a court rather than a " 'neutral and detached hearing body,' members of which need not be judicial officers or lawyers" must determine whether to revoke or modify a term of probation. *Allen,* 973 P.2d at 622. Further, a court's oral findings made on the record satisfy the constitutional requirement of a "written statement." *People v. Elder,* 36 P.3d 172, 174 (Colo.App.2001).

9. *See also People v. Kelly,* 919 P.2d 866, 867 (Colo.App.1996); *Atencio,* 186 Colo. at 80, 525 P.2d at 463; *Holdren,* 168 Colo. at 479, 452 P.2d at 30; *Gehl,* 161 Colo. at 539, 423 P.2d at 334–35.

10. *See, e.g., State v. Mason,* 56 Or.App. 164, 641 P.2d 1139, 1141 (1982); *People v. Peterson,* 74 Ill.2d 478, 23 Ill.Dec. 554, 384 N.E.2d 348, 350 (1978);. *See also* Phillip E. Hassman, Annotation, *Admissibility, in Federal Probation Revocation Proceeding, of Evidence Obtained Through Unreasonable Search and Seizure or in Absence of Miranda Warnings,* 30 A.L.R. Fed. 824, 1976 WL 38663 (1976).

hearing.[11] The Fifth Amendment permits a probationer to decline to answer specific questions at the revocation hearing, but this refusal to answer may be used against her to revoke probation.[12] *See also* 5 Wayne R. LaFave et al., *Criminal Procedure* § 26.10(c)(2d ed.1999).

The numerous distinctions between a probation revocation hearing and a criminal trial compel us to conclude that a probation revocation hearing is held for different purposes, is governed by different procedures, and does not protect the defendant's rights as required by the Federal and Colorado Constitutions for a criminal trial.

### 3. Issue preclusion based upon a revocation of probation does not bar the right of the defendant to a trial

We are aided by decisions of other courts in our determination that issue preclusion does not apply to bar the defendant from having a criminal trial. Some courts have concluded that even if the threshold elements of issue preclusion have been satisfied, underlying policies prevent the doctrine's application.[13] Other courts have determined that because of the differences between revocation hearings and criminal trials, a require-

ment of the doctrine has not been satisfied and issue preclusion does not apply.[14] We conclude that a threshold requirement was not satisfied, and an application of issue preclusion would contravene public policy that the doctrine was designed to foster.

In reaching this conclusion, we find persuasive the analysis of the Vermont Supreme Court, which addressed whether a criminal defendant could invoke issue preclusion based on a favorable ruling to bar a subsequent trial. *State v. Brunet,* 806 A.2d 1007 (Vt.2002).[15] The court determined that several of the requirements—identity of parties, identity of issue, and a final judgment on the merits—were satisfied. *Id.* at 1010. In reaching the conclusion that issue preclusion was improper, the court focused on whether the state had a full and fair opportunity to litigate the issue in the revocation proceeding and whether applying the doctrine would "serve the interests of justice." *Id.* In other words, the *Brunet* analysis incorporated the doctrine's underlying policies into the threshold elements of issue preclusion.[16] We employ the same analysis here.

Initially, we note that the first three elements outlined in *Williamsen* are met. The issue in the revocation hearing—whether the

11. *United States v. Ross,* 9 F.3d 1182 (7th Cir. 1993); *Asherman v. Meachum,* 957 F.2d 978 (2d Cir.1992); *Wilson v. State,* 621 P.2d 1173 (Okla. Cr.1980); *see also State v. Burow,* 223 Neb. 867, 394 N.W.2d 665 (1986)(the court need not inform the defendant of the privilege against self-incrimination before hearing the defendant's testimony).

12. *United States v. Robinson,* 893 F.2d 1244, 1245 (11th Cir.1990)(when the defendant "failed to report … activities completely and truthfully as per the terms of his probation, he committed a probation violation."); (*Minnesota v. Murphy,* 465 U.S. 420, 436 n. 7, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984))("[A] State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination.").

13. *See, e.g., State v. McDowell,* 242 Conn. 648, 699 A.2d 987 (1997); *State v. Reed,* 686 A.2d 1067 (Me.1996); *Pennsylvania v. Cosgrove,* 427 Pa.Super. 553, 629 A.2d 1007 (1993); *People v. Johnson,* 191 Mich.App. 222, 477 N.W.2d 426 (1991); *Lucido v. Superior Court,* 51 Cal.3d 335,

272 Cal.Rptr. 767, 795 P.2d 1223, 1231 (1990); *State v. Jones,* 196 Ga.App. 896, 397 S.E.2d 209 (1990); *People v. Fagan,* 66 N.Y.2d 815, 498 N.Y.S.2d 335, 489 N.E.2d 222 (1985).

14. *See, e.g., United States v. Miller,* 797 F.2d 336 (6th Cir.1986); *Arizona v. Williams,* 131 Ariz. 211, 639 P.2d 1036 (1982).

15. *Brunet* and several other courts cited here concluded that an application of issue preclusion was improper in part because prosecutors are held to a lower standard of proof to establish a violation of probation. In Colorado, prosecutors are held to the same standard of proof, beyond a reasonable doubt, in probation revocation hearings and criminal trials unless the probationer has been convicted thereof in a criminal proceeding. § 16–11–206(3). We acknowledge this difference between other cases and the one before us, but still find the reasoning of other courts persuasive.

16. For a similar analysis, *see also State v. Terry,* 239 Wis.2d 519, 620 N.W.2d 217 (2000), in which the Wisconsin Court of Appeals incorporated public policy considerations into the traditional issue preclusion elements.

defendant drove under revocation—is identical to the issue that would have been litigated at trial. Further, there was a final judgment by the district court on the merits, and the same parties were involved in both proceedings. We focus our analysis, therefore, on the fourth requirement: that the party against whom issue preclusion is asserted must have a full and fair opportunity to litigate the issue in the prior proceeding.

In determining whether this element was met, we turn to our precedent in *Williamsen* and reason that it applies here. Although a traffic infraction hearing and a probation revocation hearing are not identical, they are both less formal than a criminal trial. The *Williamsen* court addressed the procedural informalities of traffic infraction hearings and concluded that the parties did not have a full and fair opportunity to litigate the issue as they would have at a criminal trial. Because an application of issue preclusion to bar the relitigation of the issue at trial would frustrate the purposes of a traffic hearing, the doctrine did not apply. Though not explicitly, *Williamsen* implicitly incorporated the exception to issue preclusion that "a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts" into the fourth requirement of issue preclusion. *Williamsen* stands in part for the proposition that when two proceedings are procedurally different, a party seeking to invoke issue preclusion does not satisfy the requirement that there was a full and fair opportunity to litigate the issue in the prior proceeding. Thus, we conclude that Byrd did not have the full and fair opportunity to litigate the issue of whether he was driving under revocation at the probation revocation hearing.

Our conclusion that the prosecution failed to satisfy the fourth requirement of issue preclusion is buttressed by the public policies which support the application of the doctrine.[17] We find persuasive the statement of the California Supreme Court that "[p]reemption of trial of a new charge by a revocation decision designed to perform a wholly independent social and legal task would undermine the function of the criminal trial process as the intended forum for ultimate determinations as to guilt or innocence of newly alleged crimes." *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1231 (1990). To apply issue preclusion to bar a trial would undermine the basic and fundamental functions of a criminal trial—to determine the guilt or innocence of the accused using a panoply of procedures and protections designed and developed over many years to ensure a fair search for the truth. The law, the evidence, and the incentives to litigate in a probation revocation dramatically differ from that of a criminal trial. When the prosecution prevailed at the revocation hearing, the result was not a new criminal conviction, as it would have been had the prosecution prevailed at trial. Instead, the sentencing court was limited to imposing a harsher sentence or in some way continuing the probation, perhaps by modifying its terms. Issue preclusion would permit a determination of guilt absent the constitutional protections a trial affords. Such an outcome would directly contravene the public policy consideration of promoting the integrity of judicial determinations. *See Lucido*, 272 Cal.Rptr. 767, 795 P.2d at 1232; *Pennsylvania v. Cosgrove*, 427 Pa.Super. 553, 629 A.2d 1007, 1011 (1993); *Krochta v. Massachusetts*, 429 Mass. 711, 711 N.E.2d 142, 148 (1999).

**17.** Several courts have concluded that an application of issue preclusion to bar a criminal trial based on a decision at an earlier probation revocation hearing would "undermine the interests of justice, and erode public confidence in the criminal justice system." *Brunet*, 806 A.2d at 1012. *See also United States v. Miller*, 797 F.2d 336, 342 (6th Cir.1986) ("The government is not required to complete its entire investigation before seeking to revoke an individual's probation, nor would such a requirement be in society's best interest."); *State v. McDowell*, 242 Conn. 648, 699 A.2d 987, 991 (1997) ("public confidence in

our criminal justice system" requires that only criminal trials be used to determine guilt or innocence); *People v. Fagan*, 66 N.Y.2d 815, 498 N.Y.S.2d 335, 489 N.E.2d 222, 222 (1985) ("Strong policy considerations militate against giving issues determined in prior litigation preclusive effect in a criminal case" because a "correct determination of guilt or innocence is paramount in criminal cases"); *State v. Dupard*, 93 Wash.2d 268, 609 P.2d 961, 965 (1980) (whether a defendant committed a new crime "is more appropriately addressed to the criminal justice system" than the informal revocation process).

Issue preclusion fosters judicial economy. Although an application of issue preclusion in this context would reduce the number of court proceedings, judicial economy must yield in favor of preserving the criminal trial process as the exclusive forum in which to decide guilt or innocence for new crimes. *Lucido*, 272 Cal.Rptr. 767, 795 P.2d at 1232; *State v. McDowell*, 242 Conn. 648, 699 A.2d 987, 991 (1997).

Finally, issue preclusion protects parties from vexatious litigation, which means harassment by frivolous, groundless, or bad faith litigation. *Lucido*, 272 Cal.Rptr. 767, 795 P.2d at 1232; *see also In re Estate of Finkelstein v. Kissell*, 817 P.2d 617, 620 (Colo.App.1991). While issue preclusion would insulate the prosecution from consecutive proceedings arising out of the same facts, vexatious litigation means more than repetitious litigation. Because of the public's legitimate expectation that a person found guilty of a crime may be held to terms of probation as well as be tried for a new offense if the prosecution so determines, it is not vexatious to subject a probationer to both a revocation hearing and a criminal trial.

## IV. Conclusion

For the reasons stated, we reverse the judgment of the district court and remand this case to the district court to return the case to county court for trial.