24CA1612 Peo v Rodriguez 12-04-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1612
Adams County District Court No. 23CR2402
Honorable Sean Finn, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Angelina Rodriguez,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE SCHUTZ
J. Jones and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Emma Berry, Denver, Colorado, for Defendant-Appellant.

¶ 1 This appeal arises from Angelina Rodriguez's violation of her probation terms, the subsequent revocation hearing, and her resentencing. We affirm the district court's judgment.

## I. Background

¶ 2 Rodriguez pleaded guilty to a class 6 felony, and in December 2023 the court sentenced her to eighteen months of probation. Approximately six weeks later, the probation department filed a revocation complaint alleging two separate violations: first, that Rodriguez had been charged with misdemeanor trespass in a new criminal case, and second, that she had not attended her probation intake.

¶ 3 At her first appearance on the revocation complaint, Rodriguez told the court that she wished to apply for the public defender. The court provided her with an application for the public defender's office and set a date for her to appear with counsel. The court did not advise Rodriguez of the specific allegations regarding the probation complaint or her associated rights.

¶ 4 Rodriguez appeared in court a few weeks later, this time represented by a public defender. The public defender who appeared was not the one assigned to her case, but counsel

1

"waive[d] reading and advisement" related to the revocation complaint and requested a continuance so that Rodriguez could meet with the assigned public defender. The court granted that request and later set a date for the revocation hearing.

¶ 5 Rodriguez was the only witness at the hearing. On direct examination, she testified that her intake meeting with probation was originally scheduled for January 10. She stated that she contacted probation to reschedule her intake meeting and was given a new date of January 26. Later, she called to reschedule her intake meeting a second time and was informed that, because she had missed her intake appointment on January 10, a warrant had been issued for her arrest. During her testimony, Rodriguez also admitted that she had been charged with trespassing, pleaded guilty to petty trespass, and paid a fine.

¶ 6 The district court concluded that Rodriguez had violated conditions of her probation because she committed a new law violation and had failed to contact the probation department and formally begin her probation at the time of the hearing. The court resentenced Rodriguez to two years of probation to be supervised by drug court.

¶ 7    Rodriguez now appeals, contending that there was insufficient evidence to revoke her probation and that she was not properly advised of the charges against her.  We address and reject each contention in turn.

## II.    Analysis

### A.    Sufficiency of the Evidence

#### 1.    Standard of Review and Applicable Law

¶ 8    "The purpose of a probation revocation hearing is to consider the conduct of the defendant after an adjudication of guilt and to assess the correctness of the original sentence."  *Byrd v. People*, 58 P.3d 50, 55 (Colo. 2002) (citing *People ex rel. Gallagher v. Dist. Ct.*, 591 P.2d 1015, 1017 (Colo. 1978)).  "Probation is a privilege, not a right, and if a probationer violates any probationary condition, her probation may be revoked."  *Id.* (citing *People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994)).  "Once a violation is found, the decision whether to revoke a defendant's probation is within the trial court's discretion.  A decision to revoke probation will not be disturbed unless the trial court's judgment is against the manifest weight of the evidence."  *People v. Elder*, 36 P.3d 172, 173-74 (Colo. App. 2001) (citation omitted).

¶ 9    "Where one or more bases for revoking probation are set aside on appeal, the revocation remains valid provided at least one violation is sustained." *People v. Loveall*, 231 P.3d 408, 416 (Colo. 2010).

> [I]t is undeniably true that any single probation violation could justify a district court's decision to revoke; however, it is substantially less clear whether the probation officer would exercise his or her discretion to seek revocation — or, for that matter, whether the district court would remain willing to revoke — based solely on the remaining violation.

*Id.* We therefore must review the record to determine whether it "clearly shows the trial court would have reached the same result even without consideration of the improper factors." *Id.* (citation omitted).

¶ 10   We review sufficiency of the evidence claims de novo. *McCoy v. People*, 2019 CO 44, ¶¶ 27, 70. In doing so, we view the evidence in the light most favorable to the prosecution. *See People v. Donald*, 2020 CO 24, ¶ 18.

¶ 11   A probation revocation complaint, much like a criminal complaint and information, is not evidence. *See Hall v. People*, 35 P. 44, 44 (Colo. 1893) ("The criminal complaint made as a basis for

4

defendant's arrest and preliminary examination was not evidence on the trial before the jury . . . .").

## 2. Analysis

¶ 12 The district court gave two reasons for revoking Rodriguez's probation: (1) she had pleaded guilty to a new law violation and (2) she had failed to report to probation. Rodriguez argues that there was insufficient evidence that she failed to report to probation. From that premise, she argues that reversal is necessary — notwithstanding the undisputed new offense — because we cannot know whether the probation officer would have moved to revoke probation or that the court would have exercised its discretion to revoke based solely on the new law violation.

¶ 13 The district court did not identify the evidence it relied on to determine that Rodriguez failed to contact probation regarding her January 10 intake appointment. Rodriguez was the only witness who testified at the revocation hearing, and she testified that she had rescheduled her initial intake due to a conflicting appointment. Rodriguez also stated that when she tried to reschedule a second time, she was told an arrest warrant had issued for her arrest based

on her alleged failure to appear for the first appointment. No one from the probation office contradicted this testimony.

¶ 14 However, Rodriguez's failure to attend the January intake appointment was not the only alleged violation of her probation terms. Similarly, in *Loveall*, the defendant had been charged with multiple probation violations, including failing to comply with the terms of his sex offender treatment and failing to obtain employment. 231 P.3d at 416-17. On appeal, the supreme court set aside the alleged treatment violations, leaving only a violation for failure to be employed. *Id.* The court noted that in some circumstances, a probation officer might not be inclined to seek revocation based solely on that type of technical violation. *Id.*

¶ 15 Here, in contrast to *Loveall*, Rodriguez did not commit a "technical violation" of the terms and condition of her probation. Rather, she pleaded guilty to new criminal charges based on an offense that occurred two weeks after her sentence to probation was imposed. Rodriguez does not challenge that violation on appeal.

¶ 16 Probation conditions are designed for the "dual purpose[s] of enhancing the reintegration of the offender into a responsible lifestyle and affording society a measure of protection against

recidivism." *People v. Silvanic*, 2023 COA 16, ¶ 27 (quoting *People v. Brockelman*, 933 P.2d 1315, 1318-19 (Colo. 1997)). A term of probation requiring the probationer to have employment — the only remaining ground for revocation in *Loveall* after the supreme court set aside the offender's more serious alleged violations — is aimed at the first goal of probation, to help reintegrate a person into a "responsible lifestyle." The second goal of probation is to deter the probationer from re-offending. This objective is essential to protecting society from criminal conduct. Thus, a new law violation— even a minor one — may be treated as a serious violation of probation.

¶ 17    At the hearing, Rodriguez's counsel argued that the question whether Rodriguez had legitimately rescheduled her probation intake appointment was "very benign" and that if the court found a violation, it was one for which "the [c]ourt does not have to revoke." But in making its findings, the court focused initially on the new crime. Although the court acknowledged that the new offense was relatively minor, it determined that "the question of whether or not probation was violated, I think is pretty clear. . . . I do think that the new law violation, the fact that she was cited, did plead guilty to

that in court, although to a lesser charge . . . , does establish a violation beyond a reasonable doubt."

¶ 18    The court went on to say, "The fact that Ms. Rodriguez hasn't done probation since being sentenced . . . is a violation. . . . [I]t seems like Ms. Rodriguez still hasn't been compliant with probation. But I think that's a conversation for another day. I do think that the evidence does establish that Ms. Rodriguez violated the terms of her probation."

¶ 19    Rodriguez's counsel did not challenge the court's observation — made some six months after the initial probation appointment was scheduled — that she still hadn't complied with probation. This observation seemed to accentuate the court's concern with the new law violation.

¶ 20    Nevertheless, the court's revocation decision appears to have been based largely on Rodriguez's new law violation. Given these facts and our review of the record, we conclude that the probation officer would have pursued revocation, and the district court would have granted it, based on Rodriguez's commission of a new crime. Therefore, we decline to disturb the district court's determination that Rodriguez violated terms of her probation.

## B. Advisement

¶ 21    We now turn to Rodriguez's claim that she was not sufficiently advised of the charges against her at her first appearance or prior to the start of the probation revocation hearing.

### 1. Standard of Review and Applicable Law

¶ 22    We review questions of statutory interpretation de novo. *McCoy*, ¶ 37.

¶ 23    "At the first appearance of the defendant in court . . . , it is the duty of the judge to inform the defendant and make certain that the defendant understands" the charges against her and her associated rights. § 16-7-207(1)(g), C.R.S. 2025; *see* § 16-11-206(1), C.R.S. 2025. And in the probation context, "[a]t or prior to the commencement of the hearing, the court shall advise the probationer of the charges against [her] and the possible penalties therefor and shall require the probationer to plead guilty or not guilty." § 16-11-206(2); *see also People v. Helms*, 2016 COA 90, ¶ 67 (reversing probation revocation because "the failure to advise defendant of the possible penalties substantially undermines our confidence in the fairness of the probation proceeding").

9

¶ 24    It is undisputed that any errors related to Rodriguez's advisement are unpreserved.  We review unpreserved claims of error for plain error.  *Hagos v. People*, 2012 CO 63, ¶ 14.  A plain error is one that "contravene[s] a clear statutory command, a well-settled legal principle, or established Colorado case law."  *People v. Crabtree*, 2024 CO 40M, ¶ 42.  Furthermore, an "unpreserved error must also have affected 'the substantial rights of the accused.'"  *Id.* at ¶ 43 (quoting *People v. Stewart*, 55 P.3d 107, 120 (Colo. 2002)).

¶ 25    At a probation revocation hearing,

> the following due process requirements . . . are required: (1) written notice of the alleged probation violations; (2) disclosure to the probationer of evidence against [her]; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; and (5) a written or oral statement on the record made by the fact finder as to the evidence relied on and the reasons for revoking probation.

*Byrd*, 58 P.3d at 56.

## 2.    Analysis

¶ 26    The court did not advise Rodriguez of the charges or penalties at her first court appearance.  At her second court appearance, this time with an attorney, the following exchange occurred:

> THE COURT:  This is a first appearance with counsel, also on a revocation matter.
>
> [Defense counsel], how did you want to proceed?
>
> [DEFENSE COUNSEL]:  We waive reading and advisement.

¶ 27    The statute is clear that the court is required to advise a defendant of the charges against her and the possible penalties, and to permit her to admit or deny the alleged probation violation. However, we must evaluate if the lack of formal advisement at Rodriguez's initial appearance affected her substantial rights.  We conclude that it did not.

¶ 28    Counsel may waive a defendant's statutory rights, including those under the probation revocation statute.  *People v. Finney*, 2012 COA 38, ¶ 31.  Thus, through her counsel, Rodriguez waived her right to be advised about the revocation complaint and the various procedural safeguards that she references on appeal.  These facts distinguish this case from *Helms*, where neither the defendant nor her counsel waived reading and advisement.  *Helms*, ¶ 66.

¶ 29    Counsel's waiver of reading and advisement extinguishes any error associated with the absence of reading and advisement, *see*

*People v. Rediger*, 2018 CO 32, ¶ 40 (waiver extinguishes error), with the possible exception of any error associated with failing to advise of her right to counsel at the first appearance. But Rodriguez was clearly aware of her right to counsel because she invoked that right, the court provided her contact information for the public defender's office, and the public defender's office represented her throughout the remaining revocation proceedings. And Rodriguez does not identify any statements that she made, or actions that she took or failed to take, as a consequence of not receiving an advisement of her right to counsel at the first appearance.

¶ 30    Accordingly, we decline to further review Rodriguez's claim that the district court erred by not advising her of the charges and her associated rights prior to the revocation hearing. And even if we assume the court erred by failing to advise Rodriguez of her right to counsel at her first appearance, we conclude that any error was harmless. *Hagos*, ¶ 14.

### III.    Disposition

¶ 31    The district court's judgment is affirmed.

JUDGE J. JONES and JUDGE GROVE concur.

12