## Michael Krochta *vs.* Commonwealth.

Suffolk. March 5, 1999. - June 16, 1999.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Constitutional Law,* Double jeopardy. *Collateral Estoppel. Practice, Criminal,* Revocation of probation.

Where a probation revocation proceeding did not put a criminal defendant in jeopardy, principles of collateral estoppel were not applicable to bar the subsequent prosecution of alleged criminal offenses, the proof of which at the revocation proceeding was found an insufficient basis for a revocation of probation [713-714]; further, common law principles of collateral estoppel were not applicable, where the probationary sentence was authorized by statute [714-715]; and finally, where the standard of proof in the criminal proceedings was different than the standard in the probation revocation proceedings, there was no "common factual issue," thus precluding any consideration of collateral estoppel on due process grounds [715-718].

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on September 30, 1998.

The case was reported by *Greaney,* J.

*Michael W. Reilly* for the plaintiff.

*Thomas D. Ralph & William T. Harrington,* Assistant District Attorneys, for the Commonwealth.

Marshall, J. We decide in this case whether collateral estoppel bars criminal prosecution of a defendant for offenses following a finding in his favor at a probation revocation hearing triggered by the alleged commission of the same offenses.[1] We hold that it does not.

### I

On July 9, 1996, Michael Krochta (defendant) pleaded guilty

---

[1]The criminal complaints involved in this appeal issued from the Dedham Division of the District Court Department, the Palmer Division of the District Court Department, and the Marlborough Division of the District Court Department. The district attorney for Middlesex County and the district attorney for Norfolk County filed briefs on behalf of the Commonwealth; the arguments advanced by each are essentially the same.

in the Palmer District Court to the crime of larceny of property over $250. G. L. c. 266, § 30. The judge ordered the defendant to pay restitution and imposed a sentence of two years' probation, subject to the condition that he obey all laws. On December 16, 1997, a judge in the Palmer District Court found that the defendant had violated the terms of his probation by committing larceny by false pretenses. G. L. c. 266, § 30. The judge added an additional five months of probation to the defendant's sentence, and ordered him to undergo psychiatric evaluation and counselling.

On January 9, 1998, further notice of probation surrender was filed in the Palmer District Court, this time alleging that charges were pending against the defendant in the Natick District Court for committing larceny by false pretense. This notice was amended by the addition of a criminal complaint for larceny by false pretenses filed against the defendant in the Marlborough District Court and one for larceny filed against the defendant in the Dedham District Court.

On June 16, 1998, a hearing was held before a judge in the Palmer District Court to determine whether the defendant had violated the terms of his probation in light of the new charges. A police officer and a probation officer testified regarding the charges pending in the Natick District Court.[2] A police report was the only evidence presented regarding the Marlborough charge. The defendant objected to the report as unreliable hearsay. No evidence was presented regarding the charges pending in Dedham. The probation officer testified that the Commonwealth was "moving forward" on the charges in all three jurisdictions. The defendant moved for a directed verdict that was granted by the judge, who found that there was insufficient evidence to conclude that the defendant had violated the terms of his probation "based on those new offenses."[3]

The defendant thereafter moved to dismiss the criminal complaints against him in the Dedham, Natick, and Marlborough District Courts, asserting that the finding that he had not violated his probation on the basis of those offenses precluded criminal prosecution of the charges. A judge in each District

[2]An assistant district attorney from the district attorney's office of the Hampden district participated in the hearing and conducted the examination of the police officer and the probation officer.

[3]The judge referred specifically to the Marlborough and Natick charges, but made no mention of the Dedham charge in either his findings or his order.

Court denied the motion. The defendant filed a petition pursuant to G. L. c. 211, § 3, seeking leave to appeal the denials of the three motions.[4] A single justice of this court stayed the proceedings pending against the defendant in the three District Courts, and reserved and reported the issue common to the three cases.[5]

## II

The defendant argues that the Commonwealth is barred from prosecuting him for the pending criminal offenses on grounds of double jeopardy, and that as a component of double jeopardy, *Ashe* v. *Swenson*, 397 U.S. 436, 445 (1970), collateral estoppel precludes the Commonwealth from attempting to prove facts in the criminal prosecutions not proved at the probation revocation proceeding. The argument is without merit.

The double jeopardy clause of the Fifth Amendment to the United States Constitution "protects against a second prosecution for the same offense after acquittal . . . a second prosecution for the same offense after conviction . . . [and] against multiple punishments for the same offense." *North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969). A probation revocation proceeding does not put a defendant at any of these risks. Without a first incidence of jeopardy, the probationer cannot be in "double" jeopardy at a subsequent criminal trial. See *Serfass* v. *United States*, 420 U.S. 377, 393 (1975). No jeopardy attaches for a charge at a proceeding before a court without power to determine guilt or innocence of that charge. See *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 869-870 (1983) (jeopardy did not attach at probable cause hearing because court was without power to make any determination regarding guilt or innocence). Because probation revocation proceedings are not criminal prosecutions, *Commonwealth* v. *Durling*, 407 Mass.

---

[4]At the time the defendant sought relief from a single justice, the judge in the Marlborough District Court had indicated from the bench that he intended to deny the defendant's motion to dismiss, but no order had entered. The single justice ordered the judge to enter a denial of the defendant's motion to dismiss, accompanied by any written memorandum that the judge wished to file. The judge then denied the defendant's motion to dismiss, accompanied by a written decision.

[5]The single justice described the issue presented as "whether pending criminal complaints in three District Courts against the defendant should be dismissed because a judge concluded that the Commonwealth had failed to show that the acts charged in the pending complaints constituted sufficient basis to revoke the defendant's probation imposed on another offense."

108, 112 (1990), citing *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973),[6] and any consequent revocation does not punish the defendant for any crime charged subsequent to the imposition of probation, *Commonwealth* v. *Holmgren*, 421 Mass. 224, 227 n.1 (1995), a probation revocation hearing cannot be the basis for a claim of either multiple prosecution or multiple punishment.

"To prevail under the *Ashe* collateral estoppel doctrine, the defendant must have been placed in jeopardy twice for the same offense." *Commonwealth* v. *Scala*, 380 Mass. 500, 504 (1980). Because jeopardy did not attach at the probation revocation hearing, the defendant has no valid collateral estoppel claim under *Ashe*. See *Commonwealth* v. *Holmgren, supra.*

### III

The defendant next argues that criminal prosecution on the charges that triggered his probation revocation proceeding is barred by collateral estoppel principles found in the common law and in his right to due process of law under the Massachusetts and United States Constitutions.[7] Defensive collateral estoppel, from whatever source, is not available to the defendant against the government in the circumstances of this case.

Whatever protection that may arise for a defendant from collateral estoppel principles in the common law, see *United States* v. *Oppenheimer*, 242 U.S. 85 (1916), has no applicability here because the probationary sentence the defendant received was authorized by statute. *Commonwealth* v. *Forte*, 423 Mass. 672, 674 (1996). Cf. *Commonwealth* v. *707 Main Corp.*, 371 Mass.

---

[6]The "introduction of relevant evidence of particular misconduct in a case is not the same thing as a prosecution for that conduct." *United States* v. *Felix*, 503 U.S. 378, 383 (1992), citing *Dowling* v. *United States*, 493 U.S. 342, 348-349 (1990).

[7]Courts in other jurisdictions are divided concerning whether collateral estoppel should bar prosecutions following the State's failure to obtain revocation of probation or parole based on the commission of alleged crimes. For cases holding that the doctrine does not apply, see, e.g., *United States* v. *Miller*, 797 F.2d 336 (6th Cir. 1986); *State* v. *Williams,* 131 Ariz. 211 (1982); *Lucido* v. *Superior Court*, 51 Cal. 3d 335, 351-352 (1990); *Green* v. *State*, 463 So. 2d 1139 (Fla. 1985); *People* v. *Fagan*, 104 A.D.2d 252 (1984), aff'd, 66 N.Y.2d 815 (1985); *State* v. *Dupard*, 93 Wash. 2d 268 (1980). For cases applying the doctrine, see, e.g., *People* v. *Kondo*, 51 Ill. App. 3d 874 (1977); *State* v. *Bradley*, 51 Or. App. 569 (1981); *State* y. *Chase*, 588 A.2d 120, 123 (R.I. 1991); *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986).

374, 377-379 (1976) (collateral estoppel inapplicable in criminal proceeding for obscenity following acquittal in civil proceeding for dissemination of same materials because Legislature intended two types of enforcement to be available).

As to the defendant's due process claims, we previously have considered, without deciding, whether collateral estoppel protection between proceedings litigated against the government is encompassed within the constitutional right to due process, independent of the double jeopardy clause.[8] See *Commonwealth v. Scala*, 380 Mass. 500, 505 (1980).[9] We again do not decide this issue because we conclude that the essential components of collateral estoppel applicable in a criminal prosecution have not been met.

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).[10] Collateral estoppel is available to a defendant as a shield against a subsequent attempt by the government to litigate an issue necessarily decided in previous litigation between the defendant and the government only where there is (1) a common factual issue[11]; (2) a prior determination of that issue in

---

[8]For a discussion of the "legal landscape" concerning Federal and State decisions regarding whether the due process clause, independent of the double jeopardy clause, requires application of collateral estoppel principles in criminal proceedings, see *Allain v. Commonwealth*, 998 F. Supp. 57, 60-61 (D. Mass. 1998).

[9]In *Commonwealth v. Scala*, 380 Mass. 500, 506 (1980), we stated that we did not need to reach the issue because "limiting factors" mandated by *Ashe v. Swenson*, 397 U.S. 436, 443 (1970), that issues of ultimate fact be determined by a valid and final judgment, were absent from the proceeding, an initial suppression hearing. *Commonwealth v. Scala, supra* at 507. See *Commonwealth v. Dias*, 385 Mass. 455, 460 (1982) (valid and final judgment is prerequisite to claim of collateral estoppel based on due process clause).

[10]In the criminal context, the principles of collateral estoppel have been applied in a defendant's favor both to provide at least those protections that are available to civil litigants, *United States v. Oppenheimer*, 242 U.S. 85, 88 (1916), and for policy reasons. The latter include "judicial inefficiency and the danger of prosecutorial harassment, as evidenced by the disparity of resources between the State and a criminal defendant, and the strain of a second prosecution in which the same nonjeopardy issues would be relitigated." *Commonwealth v. Scala, supra* at 505.

[11]The Commonwealth argues that the probation revocation proceeding and the criminal prosecutions for the triggering offenses do not share common is-

litigation between the same parties[12]; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar. *Commonwealth* v. *Lopez*, 383 Mass. 497, 499 (1981). These necessary prerequisites are present in this case, but they are not sufficient because the "common factual issue" was earlier decided against the government under a standard different from the standard of proof in the proceedings at which estoppel is sought.[13] See *Commonwealth* v. *Holmgren, supra* at 225 (reason that collateral estoppel did not bar Commonwealth from revoking probation based on violation of law of which defendant had been acquitted "[lay] in the difference in the burden of proof in the two proceedings"). See also *Yates* v. *United States*, 354 U.S. 298, 335-336 (1957), overruled in part on other grounds by *Burks* v. *United States*, 437 U.S. 1, 18 (1978). In *Yates* v. *United States, supra,* the Supreme Court considered whether judicial determinations made in the defendant's favor at a denaturalization proceeding were conclusive against the government under the doctrine of collateral estoppel at a subsequent criminal prosecution by the Federal government. Although the Court held that collateral estoppel was not available because the same factual issues were not in dispute, it reached that question only after making explicit its assumption that the same standards of proof were applicable in both proceedings. *Id.* at 336.

The requirement that the two proceedings sharing a "common factual issue" be resolved using the same standards of

---

sues of fact because the judge at the probation revocation hearing limited the scope of his ruling to the evidence presented at that hearing. The judge found "that there [was] insufficient evidence . . . to find that this defendant [was] in violation of his probation, based on those new offenses." That the defendant committed the crimes with which he was charged was the essential fact the Commonwealth sought to prove at the probation revocation, and would again seek to prove at the subsequent criminal prosecutions. The issue was not "whether the Commonwealth would be able to prove its case against the defendant at trial," as the Commonwealth claims. The Commonwealth had the opportunity to present its case in full, even if it did not do so.

[12]The Commonwealth argues that the probation department and the district attorney's office constitute different parties for collateral estoppel purposes. The Commonwealth is the party against whom the defendant litigates at both a probation revocation proceeding and at a criminal prosecution. See, e.g., *Lucido* v. *Superior Court, supra* at 341 (State was party at both probation revocation and criminal prosecution); *State* v. *Chase, supra* at 122 (same).

[13]We discuss in the text, *infra*, why it is significant that the party against whom collateral estoppel is sought is the government in a criminal proceeding.

proof is a prerequisite under Federal law to the application of collateral estoppel against the government in a criminal prosecution even where a defendant's rights protected under the double jeopardy clause of the Fifth Amendment are implicated. In *Dowling* v. *United States,* 493 U.S. 342, 348-349 (1990), eyewitness testimony from a prior criminal prosecution in which the defendant had been acquitted was admitted in evidence against him at a later prosecution on unrelated charges despite the defendant's claim that its admission should be estopped. The Supreme Court later explained that the "primary ruling" of the *Dowling* case was the conclusion "that the collateral-estoppel component of the Double Jeopardy Clause offered Dowling no protection despite his earlier acquittal, because the relevance of evidence offered under Rule 404 (b) was governed by a lower standard of proof than that required for a conviction." *United States* v. *Felix,* 503 U.S. 378, 386 (1992), citing *Dowling, supra.* See *United States* v. *One Assortment of 89 Firearms,* 465 U.S. 354, 362 (1984) ("the difference in the relative burdens of proof . . . precludes the application of the doctrine of collateral estoppel"); *One Lot Emerald Cut Stones* v. *United States,* 409 U.S. 232, 235 (1972) (per curiam) (same). See also *Helvering* v. *Mitchell,* 303 U.S. 391, 397 (1938) ("[t]he difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata").

Nor may it be argued that when a factual issue has been determined against the Commonwealth on a lesser burden of proof, it follows a fortiori that the Commonwealth must fail when it seeks to establish the same fact on the higher standard applicable in a criminal prosecution. We have explained in a civil context why such an argument is invalid. In *Tuper* v. *North Adams Ambulance Serv. Inc.,* 428 Mass. 132, 133 (1998), a plaintiff in a contract action against his former employer argued that the employer was collaterally estopped by an administrative determination that the plaintiff was entitled to unemployment compensation because there was no "substantial and credible evidence to show that the [plaintiff] knowingly violated a reasonable and uniformly expressed company rule or policy." One reason we gave for rejecting this claim is that the informality of the administrative proceedings relative to a fully litigated civil case made it inappropriate to transfer the conclusions from the former to the latter. *Id.* at 136-137. As we explain below, similar concerns militate against giving the conclusions in a

probation revocation hearing preclusive effect in a subsequent criminal proceeding.

The defendant argues that our holding in *Commonwealth* v. *Holmgren*, 421 Mass. 224 (1995), requires that we find collateral estoppel protection in his due process rights under the Massachusetts Constitution. In *Holmgren*, we held that the difference of a higher burden of proof in an earlier criminal prosecution and a lower burden of proof in a subsequent probation revocation proceeding precluded the defendant from raising collateral estoppel as a bar to an attempt by the Commonwealth to prove that the defendant had violated his probation by committing the offenses on which he had previously been acquitted. The defendant argues that his case is the "reverse of the *Holmgren* situation." This argument depends on the same a fortiori reasoning we considered above and fails for the same reason. "Principles of collateral estoppel do not bar the Commonwealth from revoking probation based on evidence of a violation of law of which a probationer has been found not guilty. The reason for this result lies in the *difference* in the burden of proof in the two proceedings" (emphasis supplied). *Id.* at 225. The defendant's case is not the reverse of that presented in *Holmgren*. It is the same: a criminal prosecution and a noncriminal judicial proceeding that present common factual issues, but at which the issues must be decided on different standards of proof and under different procedural rules.[14]

We recognize that, where a defendant's liberty interests are at stake in litigation against the government — in this case a possible consequence of the probation revocation proceeding was immediate incarceration — the defendant will have a strong incentive to mount his most compelling defense to the charges that triggered the probation surrender. But the liberty interest of the probationer is conditional, the result of a discretionary act of the sentencing judge in imposing probation rather than incarceration. See G. L. c. 276, § 87; *Commonwealth* v. *Power*, 420 Mass. 410, 414 (1995). The defendant's interest in maintaining his conditional liberty is not sufficiently strong to overcome the Commonwealth's interest in efficiently and efficaciously enforcing both probationary conditions and the criminal law.

---

[14]We are not asked to, and need not decide, whether under the Massachusetts Constitution evidence introduced in a criminal prosecution at which the defendant was acquitted may later be used against a defendant in an unrelated criminal prosecution. Cf. *Dowling* v. *United States*, 493 U.S. 342, 348-349 (1990).

If collateral estoppel bars a criminal prosecution as a result of a probation revocation proceeding, a conflict between the separate goals of the probation department and the district attorney may result, frustrating the ability of both to accomplish the ends assigned them by the Legislature. The probation department, whose duty it is to enforce probationary sentences, has an incentive to seek probation surrender expeditiously following the filing of an indictment against a probationer. G. L. c. 279, § 3. See *Commonwealth* v. *Milton*, 427 Mass. 18, 21 (1998) ("the probation department may commence a probation surrender hearing immediately after an indictment is returned against a defendant who is on probation"); *Durling, supra* at 115-116 (obvious threat posed to public welfare by convicted criminal who fails to comply with conditions of probation). The district attorney, whose duty it is to enforce the criminal laws, has an interest in presenting the strongest possible case against a defendant at a criminal prosecution, which may require months of preparation. The Legislature has established that each of these two State entities will decide independently how best to achieve its duty.[15] The application of collateral estoppel principles in these circumstances could thwart those different ends.[16] The probation department would need to wait to proceed until the district attorney's case was complete, and, because the Commonwealth could not raise estoppel against the defendant at his criminal trial, the district attorney's office would be forced

---

[15]The probation department must notify the district attorney's office of a probation surrender only if the original conviction involved at least one felony. G. L. c. 279, § 3. Although the probation department may invite the district attorney to participate in the probation revocation proceeding, as happened in this case, it is not required to do so, and the district attorney's office may not "intrude into the internal functioning" of the probation department. *Commonwealth* v. *Milton*, 427 Mass. 18, 22 (1998), citing *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 448 (1993).

[16]Other authorities have recognized the significance of the tribunal's legislatively assigned function in a determination of the applicability of collateral estoppel. Restatement (Second) of Judgments § 83(4)(b) (1982) states, in relevant part:

"An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that: . . . (b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question."

to litigate with the greatest vigor the defendant's culpability twice whenever a probation revocation proceeding occurred first. Cf. *Commonwealth* v. *Durling*, 407 Mass. 108, 117 n.3 (1990) ("[a] probation revocation hearing should not be a miniature trial"); *United States* v. *Miller*, 797 F.2d 336, 342 (6th Cir. 1986) ("[t]he government is not required to complete its entire investigation before seeking to revoke an individual's probation, nor would such a requirement be in society's best interest"); *Lucido* v. *Superior Court*, 51 Cal. 3d 335, 349 (1990) ("[p]reemption of trial of a new charge by a revocation decision designed to perform a wholly independent social and legal task would undermine the function of the criminal trial process as the intended forum for ultimate determinations as to guilt or innocence of newly alleged crimes").

The denials of each of the defendant's motions to dismiss are affirmed. The stay of the proceedings in each of the District Courts is vacated and the cases are remanded for further proceedings consistent with this opinion.

*So ordered.*