NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11699

KEIAL KIMBROUGHTILLERY  vs.  COMMONWEALTH.

Suffolk.     February 3, 2015. - May 26, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Practice, Criminal, Probation, Revocation of probation, Collateral estoppel.  Collateral Estoppel.



Civil action commenced in the Supreme Judicial Court for the county of Suffolk on April 24, 2014.

The case was reported by Cordy, J.


Rebecca Kiley, Committee for Public Counsel Services, for the petitioner.
Shoshana E. Stern, Assistant District Attorney, for the Commonwealth.


SPINA, J.  In this case, here on a reservation and report from a single justice of the county court, we consider whether principles of collateral estoppel bar a second probation revocation proceeding on the same charged misconduct that was litigated in an earlier probation revocation proceeding in a different county and was resolved in favor of the petitioner,

Keial Kimbroughtillery.  We conclude that principles of collateral estoppel bar the second proceeding.

1.  Background.  On February 28, 2013, the petitioner was charged by criminal complaint in the New Bedford Division of the District Court Department (New Bedford District Court) with unarmed robbery, G. L. c. 265, § 19 (b), and assault and battery, G. L. c. 265, § 13A (a) (new offenses).  The complaint was based on allegations that on February 26, 2013, while the victim was sitting in the driver's seat of her vehicle, the petitioner leaned over her, grabbed an envelope containing $630 from her right coat pocket, and fled the scene.  At the time the complaint issued, the petitioner was serving probationary sentences imposed by the Dorchester Division of the Boston Municipal Court Department (Boston Municipal Court), the New Bedford District Court, and the Fall River Division of the District Court Department (Fall River District Court).[1]  A notice

---

[1] On April 25, 2012, the petitioner pleaded guilty in the Dorchester Division of the Boston Municipal Court Department (Boston Municipal Court) to a complaint charging him with assault and battery, G. L. c. 265, § 13A (a).  On July 31, 2012, the petitioner pleaded guilty in the New Bedford Division of the District Court Department (New Bedford District Court) to a complaint charging him with uttering a false check, G. L. c. 267, § 5, and forgery of a check, G. L. c. 267, § 1.  That same day, he pleaded guilty in the New Bedford District Court to a separate complaint charging him with larceny of property over $250 by false pretenses, G. L. c. 266, §§ 30 (1), 34, and uttering a false check.  On October 2, 2012, the petitioner pleaded guilty in the Fall River Division of the District Court Department (Fall River District Court) to a complaint charging

of probation violation and hearing was issued to the petitioner from the Boston Municipal Court on March 4, 2013. Similar notices were issued to him from the New Bedford District Court on March 5, 2013, and from the Fall River District Court on May 15, 2013. Each notice alleged that the petitioner had violated the terms of his probation by committing the new offenses.[2]

The first probation revocation hearing was held in the Boston Municipal Court on June 12 and August 20, 2013. During the hearing, the petitioner's probation officer testified, as did the alleged victim of the new offenses and three witnesses called by the defense.[3] Following closing arguments, a judge found "no violation of probation" with respect to the new offenses.[4] However, he did find that the petitioner had violated

---

him with two counts each of forgery of a check, uttering a false check, and larceny over $250.

[2] The notice from the Boston Municipal Court also alleged that the petitioner had failed to pay an attorney's fee of $150 and a victim witness fee of $50. In addition, the notice from the Fall River District Court alleged that he had failed to report to his probation officer on one occasion and had failed to pay restitution in the amount of $6,582.40.

[3] One of the defense witnesses was Miriam Lopes, a caregiver for the petitioner who was employed by Beacon Adult Foster Care. She testified, among other things, that in early February, 2013, the petitioner had surgery, that he required constant care because he was "really sick," and that he did not leave the house on February 26.

[4] As this court pointed out in Commonwealth v. Holmgren, 421 Mass. 224, 225 (1995), a criminal prosecution and a subsequent

his probation by failing to pay certain fees. See note 2, supra. Based on the agreement of the parties, the judge extended the petitioner's probation for nine months.

On September 25, 2013, the petitioner filed a motion in the New Bedford District Court and the Fall River District Court to hold the Commonwealth bound by the order of the Boston Municipal Court. The petitioner asserted that because the judge found no violation of probation with respect to the new offenses, the parties were bound by the judge's order under the doctrine of collateral estoppel. The Commonwealth opposed the motion. The parties then filed a joint motion to consolidate the probation violation hearings, which was allowed by a judge in the New Bedford District Court. On February 18, 2014, the petitioner's motion to hold the Commonwealth bound by the order of the Boston Municipal Court was denied. He thereafter filed a petition for relief in the county court pursuant to G. L. c. 211, § 3, contending that, because the issue whether he had violated the terms of his probation by committing the new offenses already had been decided by a valid and binding final judgment of the Boston Municipal Court, collateral estoppel barred relitigation

---

probation revocation proceeding have different standards of proof. "In a criminal case, of course, the Commonwealth must prove the elements of each crime charged beyond a reasonable doubt. In a probation revocation hearing, the Commonwealth bears a lesser burden. . . . [I]t is proof by a preponderance of the evidence." Id. at 225-226.

of the issue.[5]  The Commonwealth opposed the petition.  On June 18, 2014, a single justice reserved and reported the case to the full court.

2.  Discussion.  The petitioner contends that once the judge in the Boston Municipal Court found no probation violation with respect to the new offenses, principles of collateral estoppel barred a subsequent probation revocation proceeding in a different county on the new offenses.  In its brief before this court, the Commonwealth states that, "having considered at length both the legal and policy issues inherent in the question before the [c]ourt, [it] now substantially agrees with the defendant."

The doctrine of collateral estoppel, also known as issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Commonwealth v. Lopez, 383 Mass. 497, 499 (1981), quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970).  See Commonwealth v. Scala, 380 Mass. 500, 503 (1980).  "In a criminal case, the applicability of the doctrine may derive either from the common law, with roots in civil proceedings,

---

[5] Because the petitioner's claim is so closely identified with double jeopardy, a petition for relief under G. L. c. 211, § 3, is the appropriate avenue for review.  Cf. Cepulonis v. Commonwealth, 426 Mass. 1010, 1010 (1998); Costarelli v. Commonwealth, 374 Mass. 677, 679-680 (1978).

. . . or from the protection against double jeopardy of the Fifth Amendment to the United States Constitution" (citations omitted). Commonwealth v. Stephens, 451 Mass. 370, 375 (2008). See Commonwealth v. Williams, 431 Mass. 71, 74 (2000); Commonwealth v. Ellis, 160 Mass. 165, 165 (1893).

The double jeopardy clause of the Fifth Amendment consists of three independent constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense" (footnotes omitted). Aldoupolis v. Commonwealth, 386 Mass. 260, 271-272, cert. denied, 459 U.S. 864 (1982), S.C., 390 Mass. 438 (1983), quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969). See Krochta v. Commonwealth, 429 Mass. 711, 713 (1999). Unlike the United States Constitution, the Massachusetts Declaration of Rights does not include a double jeopardy clause, but our statutory and common law have long embraced the same principles and protections. See Commonwealth v. Selavka, 469 Mass. 502, 509 n.8 (2014); Commonwealth v. Woods, 414 Mass. 343, 346, cert. denied, 510 U.S. 815 (1993). See also G. L. c. 263, § 7. Jeopardy does not attach at a probation revocation proceeding.[6]

---

[6] A probation revocation proceeding is not considered to be a new criminal prosecution because the Commonwealth already has "met its burden of proving beyond a reasonable doubt the

See Commonwealth v. Wilcox, 446 Mass. 61, 66 (2006); Krochta, supra at 713-714. Therefore, as the petitioner acknowledges, collateral estoppel based on principles of double jeopardy is not applicable in this case. See Krochta, supra at 714.

In the past, we have considered, without deciding, "whether collateral estoppel protection between proceedings litigated against the government is encompassed within the constitutional right to due process, independent of the double jeopardy clause." Id. at 715. See Williams, 431 Mass. at 73-74; Commonwealth v. Dias, 385 Mass. 455, 460 (1982); Scala, 380 Mass. at 503. Here, we again need not decide this issue because the present case can be resolved by application of common-law collateral estoppel principles. See Williams, supra at 74.

"The common-law doctrine of collateral estoppel is designed to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" Stephens, 451 Mass. at 375, quoting Massachusetts Prop. Ins. Underwriting Ass'n v. Norrington, 395 Mass. 751, 756 (1985). See Scala, 380 Mass. at 505 (describing collateral estoppel policy considerations). Our decision in Krochta, which

---

person's guilt on the underlying crime." Commonwealth v. Wilcox, 446 Mass. 61, 65 (2006). See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation revocation, like parole revocation, not stage of criminal prosecution); Commonwealth v. Durling, 407 Mass. 108, 112 (1990).

concerned the preclusive effect of a determination made at a probation revocation proceeding on a subsequent criminal prosecution, set forth the prerequisites for a valid collateral estoppel claim. "Collateral estoppel is available to a defendant as a shield against a subsequent attempt by the government to litigate an issue necessarily decided in previous litigation between the defendant and the government only where there is (1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar" (footnotes omitted).[7] Krochta, 429 Mass. at 715-716. For collateral estoppel to apply, the two proceedings sharing a "common factual issue" must be resolved using the same standard of proof.[8] See id. at 716-717. The

---

[7] For a discussion of the five requirements that must be met for collateral estoppel to apply in the context of a motion to suppress, see Commonwealth v. Cabrera, 449 Mass. 825, 829-831 (2007).

[8] In Krochta v. Commonwealth, 429 Mass. 711, 711-712 (1999), this court held that principles of collateral estoppel did not bar criminal prosecution of a defendant on various larceny charges, even though the same offenses had triggered an earlier probation revocation proceeding that was resolved in the defendant's favor. We explained that the essential components of collateral estoppel had not been satisfied because common factual issues were decided under different standards of proof and under different procedural rules in the two proceedings. Id. at 716, 718. See Holmgren, 421 Mass. at 225 (concluding that, because of different burdens of proof in criminal case and probation revocation proceeding, "[p]rinciples of collateral estoppel do not bar the Commonwealth from revoking probation based on evidence of a violation of law of which a probationer

burden of showing the concurrence of these three collateral estoppel requirements "is always on the person raising the bar." Lopez, 383 Mass. at 499.

In this case, the petitioner has satisfied the requirements of collateral estoppel. Following a hearing in the Boston Municipal Court, a judge determined, based on a preponderance of the evidence, that the petitioner did not violate the terms of his probation with respect to the new offenses. The Commonwealth seeks to relitigate this same factual issue based on the same standard of proof and the same procedural rules at subsequent probation revocation proceedings on the new offenses that have been consolidated in the New Bedford District Court.[9] We conclude that principles of collateral estoppel bar the Commonwealth from doing so.

3. Conclusion. We remand this matter to the single justice for entry of a judgment allowing the petition for relief under G. L. c. 211, § 3, and reversing the February 18, 2014,

---

has been found not guilty"). Further, we stated in Krochta, supra at 719, that "[i]f collateral estoppel bars a criminal prosecution as a result of a probation revocation proceeding, a conflict between the separate goals of the probation department and the district attorney may result, frustrating the ability of both to accomplish the ends assigned to them by the Legislature."

[9] With regard to two additional alleged probation violations set forth in the notice from the Fall River District Court prior to consolidation of the hearings, see note 2, supra, the petitioner does not contend that the Commonwealth cannot proceed on those alleged violations.

order of the New Bedford District Court that denied the petitioner's motion to hold the Commonwealth bound by the order of the Boston Municipal Court that found no probation violation with respect to the new offenses.

So ordered.