SUPREME JUDICIAL COURT 
 
 LUIS C. CABRERA vs. COMMONWEALTH

 
 Docket:
 SJC-13645
 
 
 Dates:
 February 7, 2025 – June 17, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Firearms. Collateral Estoppel. Practice, Criminal, Collateral estoppel, Interlocutory appeal, Complaint, Probable cause hearing. District Court, Probable cause hearing. Due Process of Law, Delay in commencement of prosecution.
 
 

  
      Civil action commenced in the Supreme Judicial Court for the county of Suffolk on July 29, 2024.
      The case was reported by Wendlandt, J.
      Jessica LaClair for the petitioner.
      Travis H. Lynch, Assistant District Attorney, for the Commonwealth.
      GAZIANO, J.  In 2020, a police officer applied for a criminal complaint in the District Court, alleging that the defendant, Luis C. Cabrera, had possessed a loaded firearm while intoxicated in violation of G. L. c. 269, § 10H (§ 10H).[1]  A clerk-magistrate denied the application, finding that police failed to establish probable cause that the defendant had a firearm under his control inside a motor vehicle.  This was error.  Section 10H provides, in pertinent part, "[w]hoever, having in effect a license to carry firearms . . . , carries on his person, or has under his control in a vehicle, a loaded firearm . . . while under the influence of intoxicating liquor . . . shall be punished" (emphasis added).  G. L. c. 269, § 10H.  No review of the clerk-magistrate's order was sought.
      Almost two and one-half years later, on May 18, 2023, the same officer filed a new application for criminal complaint for the same offense supported by the same facts.  This time, a different clerk-magistrate found that the application was supported by probable cause and issued the complaint.
      In a petition for extraordinary relief pursuant to G. L. c. 211, § 3, the defendant argued, inter alia, that the issuance of the complaint was barred by collateral estoppel.  A single justice of the county court reserved and reported the petition to the full court.
      We exercise our authority under G. L. c. 211, § 3, to reach the merits and conclude that the principles of collateral estoppel did not bar the issuance of the complaint because the initial denial was not a final judgment.  Accordingly, we remand this case to the county court for entry of a judgment denying the defendant's petition for extraordinary relief.
      1.  Background.  In the early morning hours of July 7, 2020, two Holyoke police officers, John Veit and Antonio Colon, were dispatched to an apartment complex in the downtown area of Holyoke for a noise complaint.  Upon the officers' arrival, they encountered the defendant standing on the back porch of the apartment building holding a "nearly empty" 200-milliliter glass liquor bottle.  The officers noted the presence of two empty beer bottles and a large, public address-style loudspeaker playing music on the porch near the defendant.
      Colon directed the defendant to turn down the volume on the speaker, and the defendant complied.  According to the officers, the defendant was "unsteady" on his feet and his responses to their commands were "unintelligible."  As Colon proceeded to speak with the defendant, Veit spotted the handle of a firearm protruding from one of the defendant's front pockets.  Having seen the firearm, Veit immediately asked the defendant to produce his license to carry (LTC).
      When the defendant began to reach towards his pocket, Veit directed him to stop.  The officers then proceeded to remove the firearm from the defendant's pocket and place the defendant in handcuffs "for his safety and [the officers']."  Once the defendant had been handcuffed, the officers again asked to see his LTC.  The defendant explained that he had an LTC but did not describe where it was.  Shortly thereafter, Colon removed the defendant's wallet from one of his pockets and located an LTC inside.  After querying the defendant's information, the officers found that the .40 caliber Sig Sauer P250 handgun, which they seized from the defendant's person, was in fact registered to him and that he was properly licensed to carry that weapon.  The firearm had one round of ammunition in the chamber and nine rounds in the magazine.  The officers took the defendant into custody for possession of a loaded firearm while intoxicated and released him the following day.  The defendant's firearm and LTC remained at the Holyoke police station.
      Thereafter, Veit filed an application for criminal complaint against the defendant in the District Court for possession of a loaded firearm while intoxicated in violation of § 10H.  The complaint application was denied for lack of probable cause after a show cause hearing on November 20, 2020.  In a handwritten note in the comments section of the denied application, the clerk-magistrate wrote:  "See attached copy of [G. L. c. 269, § 10H,] which requires motor vehicle."  Following the denial, no motion for a redetermination hearing was filed and the Commonwealth did not seek to indict the defendant on the § 10H charge.
      More than two years later, the defendant went to the Holyoke police station and asked that they return his firearm and LTC.  The officers declined to return either.  On at least two more occasions, the defendant went back to the police station and was turned away.  He also contacted the Holyoke mayor's office to seek assistance; however, an employee in that office told the defendant that he "had to go back to court to get [his] gun back."  At one point, the defendant mentioned to the Holyoke police chief that "technically, [he] could sue [the police] for what they did to [him]."
      On May 18, 2023, Veit filed a second application for criminal complaint against the defendant in the District Court concerning the incident from July 7, 2020.  The factual basis for the second application was identical to the first but included a supplemental narrative explaining the prior misinterpretation of § 10H and requesting a show cause hearing pursuant to G. L. c. 218, § 35A (§ 35A).[2]  At the second show cause hearing on June 22, 2023, a different clerk-magistrate concluded that the application was supported by probable cause.
      A complaint issued out of the District Court on June 23, 2023, charging the defendant with one count of possessing a firearm while intoxicated in violation of § 10H.  The defendant was arraigned on July 18, 2023.
      On May 1, 2024, the defendant moved to dismiss the complaint, arguing that the application for criminal complaint was not supported by probable cause.  Thereafter, on July 3, 2024, the defendant filed a supplemental memorandum in support of his motion to dismiss, arguing that the issuance of the complaint was barred by collateral estoppel and that the delay constituted a violation of his due process rights.  After a hearing, the defendant's motion to dismiss was denied on July 12, 2024.  In ruling on the defendant's motion, the judge concluded that collateral estoppel did not apply because "an application for complaint by a police department in a show cause hearing[ does not] constitute[] prior litigation between the Commonwealth and the defendant."  The motion judge also noted that a "magistrate's probable cause decision can hardly be considered a 'valid and final judgment.'"  With respect to the defendant's due process argument, the motion judge found that the defendant "ha[d] not pointed to a specific harm generated by the delay which would impact his right to obtain a fair trial," and accordingly declined to dismiss the complaint on that ground.
      After the denial of his motion to dismiss, the defendant filed a petition for extraordinary relief pursuant to G. L. c. 211, § 3, on July 29, 2024.  A single justice of the county court reserved and reported the defendant's petition to the full court.
      2.  Discussion.  a.  Interlocutory review of collateral estoppel claims.  As a preliminary matter, the parties dispute whether G. L. c. 211, § 3, is the appropriate avenue for review of the defendant's collateral estoppel claim.  The defendant argues that his collateral estoppel claim is grounded in comparable principles to that of double jeopardy and is therefore entitled to G. L. c. 211, § 3, review for the same reason.  See Kimbroughtillery v. Commonwealth, 471 Mass. 507, 509 & n.5 (2015) (G. L. c. 211, § 3, interlocutory review allowed because collateral estoppel claim in subsequent probation revocation hearings was "so closely identified with double jeopardy").
      In criminal cases, interlocutory review under G. L. c. 211, § 3, is reserved for "the most exceptional circumstances," Gilday v. Commonwealth, 360 Mass. 170, 171 (1971), because "the rights of criminal defendants are generally fully protected through the regular appellate process," Costarelli v. Commonwealth, 374 Mass. 677, 679 (1978).  We have recognized that "a double jeopardy claim of substantial merit" is one such exceptional circumstance warranting interlocutory review.  Neverson v. Commonwealth, 406 Mass. 174, 175 (1989).  However, we have also "consistently rejected attempts to obtain interlocutory review as a matter of right under G. L. c. 211, § 3, of denials of motions to dismiss on other bases that defendants have attempted to analogize to double jeopardy claims."  Soucy v. Commonwealth, 470 Mass. 1025, 1026 (2015) (rescript opinion).
      We need not decide whether interlocutory review under G. L. c. 211, § 3, is generally available to petitioners who argue that collateral estoppel bars the issuance of a criminal complaint.  Because the single justice reserved and reported the interlocutory appeal to the full court, we exercise our discretion to reach the merits of the claim.  See Commonwealth v. Arrington, 493 Mass. 478, 489 (2024); Burke v. Commonwealth, 373 Mass. 157, 158–159 (1977).
      b.  Collateral estoppel.  "Collateral estoppel is available to a defendant as a shield against a subsequent attempt by the government to litigate an issue necessarily decided in previous litigation between the defendant and the government . . . ."  Krochta v. Commonwealth, 429 Mass. 711, 715-716 (1999).  The doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Id. at 715, quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970).  The party seeking to invoke collateral estoppel must show "(1) a common factual issue; (2) a prior [final] determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar" (citation omitted).  Kimbroughtillery, 471 Mass. at 511.  See Commonwealth v. Lopez, 383 Mass. 497, 499 (1981) (burden of establishing doctrine's applicability falls on party asserting collateral estoppel).
      The defendant argues that the more than two-year gap between the denial of the first complaint application and the allowance of the second complaint application renders the first decision "final" for collateral estoppel purposes.  In support of that argument, the defendant accords significant weight to the lack of any attempt to seek review of the denial of the 2020 application and asserts that, because no further action was taken after the initial denial, he was entitled to rely on the finality of the clerk-magistrate's decision.  We do not agree.
      When a misdemeanor complaint application is filed in the District Court, § 35A provides for a show cause hearing at which the accused is afforded an "opportunity to be heard personally or by counsel in opposition to the issuance of any process."  G. L. c. 218, § 35A.  A show cause hearing is an informal proceeding that "bears little resemblance to a trial."  Eagle-Tribune Publ. Co., v. Clerk-Magistrate of the Lawrence Div. of the Dist. Court Dep't, 448 Mass. 647, 653 (2007).  The presiding judicial officer at such a hearing, usually a clerk-magistrate, must review the complaint application and determine "whether probable cause exists to warrant the commencement of criminal proceedings."  Commonwealth v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep't, 439 Mass. 352, 359 (2003).  However, clerk-magistrates may deny the complaint even if they conclude that the application is supported by probable cause, if prosecution of the underlying charge is unlikely.  See Trustees of Boston Univ. v. Clerk-Magistrate of the Cambridge Div. of the Dist. Court Dep't, 495 Mass. 56, 63 & n.12 (2024), citing Boston Globe Media Partners, LLC v. Chief Justice of the Trial Court, 483 Mass. 80, 86 & n.10 (2019).  See also Eagle-Tribune Publ. Co., supra at 650 ("[t]he implicit purpose of the [§] 35A hearings is to enable the [clerk-magistrate] to screen a variety of minor criminal or potentially criminal matters out of the criminal justice system" [citation omitted]).
      Section 35A does not "grant any mechanism of review, rehearing, or appeal."  Bradford v. Knights, 427 Mass. 748, 752 (1998).  A judge may, however, provide an opportunity for a redetermination hearing if requested.  See id.  See also standards 2:05 & 3:22 of the District Court Standards of Judicial Practice:  The Complaint Procedure (2008) (District Court Standards).  The decision to allow such a hearing is entirely within the judge's discretion.  Bradford, supra ("The inherent power of a court . . . to rehear and reconsider its own determinations at its discretion has long been recognized").
      We disagree with the defendant's contention that the option to move for redetermination is an "avenue for review" sufficient to support a conclusion that the clerk-magistrate's probable cause ruling in 2020 was final.  See Sena v. Commonwealth, 417 Mass. 250, 260 (1994) ("for collateral estoppel to preclude litigation of an issue, there must have been available some avenue for review of the prior ruling on the issue"); Commonwealth v. Scala, 380 Mass. 500, 506 (1980) (factors for determining whether decision is final for purposes of collateral estoppel include:  "that the parties were fully heard, that the court supported its decision with a reasoned opinion, [and] that the decision was subject to appeal or was in fact reviewed on appeal" [citation omitted]).  The opportunity to request a redetermination hearing before a judge does not render the decision final because there is no entitlement to appellate review.  See Boston Globe Media Partners, LLC, 483 Mass. at 88-89.  See also Commonwealth v. Ringuette, 443 Mass. 1003, 1004 (2004) (judgment not final where defendant "cannot obtain interlocutory appellate review . . . as a matter of right"); Jarosz v. Palmer, 436 Mass. 526, 534-535 (2002) (discretionary review of order denying motion to disqualify insufficient to conclude that ruling was "subject to review" for collateral estoppel purposes).
      The defendant's argument that G. L. c. 211, § 3, is an alternative "avenue for review" is unpersuasive for the same reason.  See Scala, 380 Mass. at 507 n.8 (this court does "not view the possibility of review of interlocutory decisions under G. L. c. 211, § 3, . . . as a right of appeal for purposes of collateral estoppel").
      In addition, we have repeatedly held that "a District Court determination of no probable cause 'is not conclusive as to the guilt or innocence of a party charged, and is not a bar to a subsequent indictment for the same offence.'"  Burke, 373 Mass. at 159, quoting Commonwealth v. Hamilton, 129 Mass. 479, 481 (1880).  "This is true even if the same evidence presented to the District Court is presented to the grand jury."  Commonwealth v. Dale D., 431 Mass. 757, 761 (2000).  Here, the Commonwealth had the ability to seek an indictment from a grand jury charging the defendant with a violation of § 10H notwithstanding the first clerk-magistrate's adverse probable cause determination.  A judgment cannot be "final" if –- after an adverse ruling -- the aggrieved party can bring the same matter to another tribunal authorized to render a contrary result under the same standard of proof.
      Accordingly, we hold that principles of collateral estoppel did not bar another probable cause determination before a clerk-magistrate in the District Court and, therefore, did not bar the issuance of the complaint.[3]
      c.  Due process.  The defendant also argues that the issuance of the complaint violated his procedural due process rights under the State and Federal Constitutions.  Specifically, he argues that the delay in prosecution of almost two and one-half years, without seeking review of the first clerk-magistrate's ruling, was intentional.  We discern no due process violation.
      The defendant does not have a constitutionally protected interest in the finality of a show cause determination.  See Commonwealth v. Lyons, 397 Mass. 644, 648 (1986) ("§ 35A is not closely affiliated with any constitutional guarantee").  The right to a § 35A show cause hearing is not guaranteed under either the State or the Federal Constitution but, rather, is a creation of statute.  See id. at 647 ("Due process of law does not require a hearing before process may properly issue on a criminal complaint").  See also Trustees of Boston Univ., 495 Mass. at 70 ("show cause hearings themselves are not constitutionally required prior to the issuance of a complaint").  Accordingly, even a demonstrated violation of § 35A procedure "carries no substantial risk of lasting prejudice to the defendant, because the complaint process can be commenced again and the defendant can be heard."  Lyons, supra at 648.
      To the extent that the defendant's due process rights were implicated in the § 35A proceedings, he has failed to meet the high burden required to warrant dismissal of the complaint due to delay.  Cf. Commonwealth v. Dame, 473 Mass. 524, 531, cert. denied, 580 U.S. 857 (2016) ("severe prejudice" is required for "the drastic remedy of dismissal" [quotation and citation omitted]); Commonwealth v. Patten, 401 Mass. 20, 21 (1987) (defendant's burden for preindictment delay claim requires showing that delay prejudiced his case, and that Commonwealth intentionally or recklessly caused delay).  The defendant has not articulated any specific harm that this delay caused to his "ability to mount a defense" (citation omitted).  Dame, supra.  That a second complaint application could have been filed sooner, but was not, does not (on its own) demonstrate the kind of severe prejudicial delay necessary for dismissal.  See Commonwealth v. Best, 381 Mass. 472, 484 (1980) ("General or conclusory allegations on such issues are insufficient for the drastic remedy of dismissal").  Cf. Commonwealth v. Imbruglia, 377 Mass. 682, 693 (1979) ("delay after the prosecution has acquired sufficient knowledge to begin proceedings does not require a judge to conclude that the delay was improper").[4]
      3.  Conclusion.  The issuance of the 2023 criminal complaint was neither barred by collateral estoppel nor a violation of the defendant's due process rights.  The motion judge therefore correctly denied the motion to dismiss the complaint.  Accordingly, we remand the case to the county court for entry of a judgment denying the defendant's petition for relief under G. L. c. 211, § 3.
      
 
So ordered.
footnotes

          [1] Although the petitioner commenced this action by filing a petition in the county court, for convenience we refer to him as the "defendant."
          [2] The supplemental narrative, drafted by Veit, provided:  
 
"On Wednesday, March 1, 2023, I met with Detective Parnell regarding [this case].  Detective Parnell advised me that the initial criminal complaint regarding this matter was not pursued by the Assistant District Attorney responsible for the case (at the time) due to a misinterpretation of the statute, [G. L. c. 269, § 10H].  Det. Parnell further advised me that after reviewing the matter with the supervising ADA at Holyoke District Court, a complaint will once again be sought.  I am therefore requesting a hearing in this matter."
 
          [3] Because we conclude that collateral estoppel does not apply to the clerk-magistrate's probable cause determination, we need not decide whether the "mutuality of parties" element of collateral estoppel was satisfied.
          [4] The defendant also argues, without elaboration, that the destruction of the show cause hearing record prejudiced his ability to present a defense.  See G. L. c. 218, § 35 (record of denied complaint application to be destroyed one year after date application was filed).  We reject this speculative claim.  See Patten, 401 Mass. at 22 ("A defendant must show, on concrete evidence, and not simply by a fertile imagination, a reasonable possibility that access to the lost items would have produced evidence favorable to his cause").